## HINTERMEISTER *v.* THE STATE OF IOWA.

A demurrer to an information for selling intoxicating liquors, with a view to their being drunk on or about the premises where sold, which information, after the proper venue, and title of the cause, alleged "that Jacob Hintermeister, an evil disposed person, late of said county of Muscatine, in the state of Iowa, on the 12th day of March, A. D. 1854, at the county and within the city of Muscatine, in a certain frame building then and there being situate, and in the possession and occupancy of the said Jacob Hintermeister, erected on a parcel of ground in lot six, block ten, in said city, [describing the piece of ground minutely,] then and there three glasses of whiskey to the said Uriah M. Holmes, did sell by the dram, with intent that said whiskey should be drunk by the said Uriah M. Holmes on the premises aforesaid: and this informant avers that the whiskey so as aforesaid sold, was drunk by the said U. M. Holmes in said building on the premises aforesaid, to wit: at the county aforesaid; and he further avers that said whiskey was intoxicating liquor of the prohibited kind, against the peace and dignity of the state of Iowa, to the evil example of all others in like case offending, and contrary to the statute in such case made and provided," was properly overruled.

This court cannot consider any error of the justice before whom a cause was originally tried, that was not passed upon by the District Court.

This court, under sections 3097 and 3361 of the Code, in criminal cases, can only regard such errors and defects as affect the substantial rights of parties.

*Error to Muscatine District Court.*

ON the 15th of May, 1854, proceedings were commenced before a justice of the peace, against Jacob Hintermeister, charging him with selling intoxicating liquors, with a view to their being drunk on or about the premises where sold. The information, after the proper venue and title of the cause, read as follows: " The prosecuting attorney for the county of Muscatine, on the oath of Uriah M. Holmes, a credible witness, now here, gives the court to understand and be informed, that Jacob Hintermeister, an evil disposed person, late of said county of Muscatine, in the state of Iowa, on the 12th day of March, A D. 1854, at the county, and within the city of Muscatine, in said county, and state of Iowa, in a certain frame building then and there being situate, and in the possession and occupancy of the said Jacob Hintermeister, erected on a parcel of ground on lot six, block ten, in said city, to wit: beginning at a point on the southwest side of Chesnut street, sixty-five feet towards Second street, from the alley which passes through said block; running thence twenty-two feet on Chesnut street towards Second street; thence back at a right angle with Chesnut street, fifty-nine feet to the northeasterly boundary of lot seven in the same block; thence at a right angle towards said alley twenty-two feet; thence to the place of beginning, which said building fronts on Chesnut street, then and there three glasses of whiskey to the said Uriah M. Holmes, did sell by the dram, with intent that said whiskey should be drunk by the said Uriah M. Holmes on the premises aforesaid; and this informant avers that the whiskey so as aforesaid sold was drunk by the said Uriah M. Holmes in said building on the premises aforesaid, to wit: at the county aforesaid; and he further avers that said whiskey was *intoxicating* liquor of the prohibited kind, against the peace and dignity of the state of Iowa, to the evil example of all others in like case

Hintermeister v. The State of Iowa.

offending, and contrary to the statute in such case made and provided ;" and was signed by the prosecuting attorney, and sworn to by the informant. The defendant, on being brought before the justice, demurred to the information, for the fol· lowing reasons :

1. Because it was uncertain from the information, whether it was against the building and ground described, or against the person selling.

2. The facts stated do not constitute an offence.

3. The facts stated do not constitute the building a nuisance.

4. The time of selling is not so specifically stated, as to enable the defendant to prepare his defence.

5. The description of the premises are vague and uncertain.

6. The information is against the property and person both.

This demurrer was overruled. The defendant then filed his plea of not guilty, and an affidavit for a change of venue, which application was refused, for the reason, as stated in the bill of exceptions signed by the justice, that the trial had commenced when the same was filed. The justice's transcript shows, that after the application for a change of venue had been refused, the attorney for the state proposed to waive the decision of the court, refusing such change, which proposition was rejected by the defendant. Trial was then had, and the justice found, that that liquor, at one time as charged, had been sold to the person charged in the information. It was also proved that Hintermeister had possession of said building and establishment; and thereupon, the same was declared a nuisance, amerced in a fine of fifty dollars, ordered to be abated, and the premises, buildings, furniture and fixtures, ordered to be sold to pay the fine and costs. After the judgment was rendered, Hintermeister filed an affidavit for an appeal, alleging that injustice had been done: 1. In overruling the demurrer; 2. In refusing a change of venue; 3. In rendering judgment against the house and ground as a nuisance.

On the hearing in the District Court, the demurrer filed

before the justice, being fully argued, was overruled. The judgment of the justice was, thereupon, affirmed, except as to that part ordering a sale of the building and premises. Judgment was then rendered against Hintermeister and his sureties in appeal, for the sum of fifty dollars, with costs, and the furniture and fixtures belonging to the establishment ordered to be sold to pay the same. Hintermeister and his sureties now bring their writ of error to reverse this judgment, and assign errors as follows :

1. The court erred in overruling the motion of defendant to set aside the information.

2. The court erred in overruling the demurrer of defendant.

3. The court erred in deciding that defendant was not entitled to a change of venue, under the application made before the justice ; and in sustaining the decision of the justice therein, the said justice having no authority to render judgment against the building, nor to command the sheriff to seize the same.

4. The court erred in refusing the defendant a new trial in the District Court, on his affidavit for an appeal.

*J. Scott Richman* and *Henry O' Connor*, for plaintiff in error.

*David C. Cloud,* Attorney-General (by *W. Penn. Clarke*), for the state.

WRIGHT, C. J.—The plaintiff in error relies upon three grounds to reverse this case. First, the overruling the demurrer. We have examined the information, and conclude that this demurrer was very properly overruled. The information charges, that the sale was made on the 12th day of March, 1854, at the county of Muscatine, in a certain frame house, situate on a part of lot 6, block 10, in the city of Muscatine ; that the house was at the time of the sale, in the possession and occupancy of said Hintermeister; and that the sale was made by him, with intent on the part of Hintermeister, that the liquor so sold should be drunk on the said premises. The particular part of said lot is very

Hintermeister v. The State of Iowa.

minutely described. So, that aside from the objection, that
the facts charged in the information did not constitute the
building a nuisance, we think the information was, as to all
the other causes assigned, free from defects.   Indeed, we
may say, it is exceedingly well drawn, charging the offence
with great clearness and precision.   So far as relates to the
charging the building as a nuisance, we think the informa-
tion is, in fact, against Hintermeister, and that the premises
and building are only described as the place where he sold
the prohibited liquor.   So much of the order or judgment
on the petition and demurrer, as directed the nuisance to be
abated, and assessed a fine against the said building, may
have been incorrect.   In the District Court, however, this
error was corrected, and it is from that judgment the defend-
ant brings his writ of error, and not that of the justice.   By
the Code, section 3361, the District Court, on hearing these
appeals, must render such judgment as the magistrate should
have rendered.   In this respect, the finding and order of
the District Court was such as the justice should have ren-
dered, and we see no error in overruling the demurrer on
the other points made.

The next error assigned, is in refusing the change of
venue.   Without referring to the statement of the justice,
that the application was made after the trial commenced, or
the waiver of the prosecuting attorney of any objection to
such change of venue, it is sufficient to state, that this ruling
of the justice does not appear to have been urged before the
District Court.   The demurrer was overruled after argu-
ment, but there is no reference to the application for a
change of venue.   We cannot consider any error of the just-
ice, that was not passed upon by the District Court.   For
aught we know, this ruling of the justice was waived in the
court below.

The last error assigned is, that the District Court refused
the defendant a new trial, or trial on the merits, on such ap-
peal.   As sustaining this argument, we are referred to the
case of *Kuner* v. *The State*, decided at the last term of this
Court.   Without intimating an opinion as to the correctness.

or incorrectness of that decision, we think that this case is distinguishable from that in two essential particulars. In that case, defendant in his affidavit stated that injustice had been done him, for the reason that the justice's judgment was against evidence. In this, there is no such averment, but the injustice is alleged to consist in overruling the demurrer, refusing the change of venue, and declaring the house a nuisance. There was no averment upon which he would have a right to a new trial, even under the case referred to by defendant. But in the case of Kuner, it also appears, that the District Court refused to hear and try the allegations of fact alleged in the appeal. In this case, the record does not show any such request or application of the defendant, to be so heard, or that the court refused to try the question of his guilt. On the contrary, it would appear that after the demurrer was overruled, no further objection was made, and judgment was thereupon rendered.

We are unable, therefore, to see any such error or defect in this record, affecting the substantial rights of the defendant, as to justify the reversal of the judgment. It is only such error and defects as do affect substantial rights, that we can regard, under the Code. See sections 3099 and 3361. That is the law, and we do most cheerfully abide by both its letter and spirit.

Judgment affirmed.