## THE STATE OF IOWA v. GURLOCK.

1. INDICTMENT: DEFECTS. A defect in an indictment in the name of a State, where it does not prejudice the substantial rights of the defendant, is not fatal. (*Wrockledge* v. *The State of Iowa*, 1 Iowa, 167; *Baurose* v. *The Same*, Id., 379; *Hintermeister* v. *The State*, 1 Iowa, 101.)

2. CITY OF OTTUMWA: CHARTER. The 29th section of the act incorporating the city of Ottumwa (Acts, Extra Session of 1856), does not confer upon the city council the exclusive power to punish persons selling liquors in violation of law.

*Appeal from Wapello District Court.*

MONDAY, JANUARY 12, 1863.

THE caption of the indictment in this case is as follows: "DISTRICT COURT OF THE COUNTY OF WAPELLO.

| STATE OF IOWA *vs.* WM. GURLOCK. | Indictment for the crime of Nuisance for selling intoxicating liquors in violation of law. |
|---|---|

" The Grand Jury of the county of Wapello, in the name and by the authority of the State of Sowa, accuse," &c., and alleges that the place kept for the sale of liquors was in the town of Ottumwa, Wapello County, Iowa.

A demurrer was interposed, which, as far as now presented in argument, raised two questions: 1st. That the Grand Jury had no jurisdiction, as the indictment appears to have been presented in the name of the State of Sowa and not Iowa. 2d. That by § 29 of the charter of the city of Ottumwa, the city authorities had exclusive jurisdiction of the offense.

*Hendershott & Burton* for the appellant.

*C. C. Nourse*, Attorney-General, for the State, cited Const., art. 5; Rev. 1860, §§ 4653, 4659, 4660; Bishop Cr. L., 97; *Hummer* v. *Hummer*, 3 G. Greene, 42; *The State* v. *Moffett*, 1 Id., 247; *The State* v. *Mullikin*, 8 Blackf., 260.

WRIGHT, J.—If the words "In the name and by the authority of the State," &c., had been entirely omitted, we do not understand that the indictment would have been defective. It certainly would not upon the authority of *Wrockledge* v. *The State*, 1 Iowa, 167; *Baurose* v. *Same*, Id., 379. The phrase in the Constitution (§ 8, Art. 5), "The State of Iowa" constitutes the authoritative name of the State. It is in this name that all prosecutions must be conducted. And that the error in the name of the State or the spelling of the name of the county will not, under the circumstances, vitiate, · see clause 5, § 4660 of the Revision. These defects are not such as tend to the prejudice of defendant's substantial rights on the merits. And see *Hintermeister* v. *The State*, 1 Iowa, 101.

By the 29th section of the act incorporating Ottumwa (Acts of Extra Session 1856, p. 68), it is declared that the city council have the exclusive authority to provide for the license, regulation, and prohibition of all exhibitions, shows and theatrical performance; billiard tables, ball and ten pin alleys, and places where games of chance or skill are played. * * * When the laws of the State permit or refuse licenses for the sale of intoxicating liquors, that matter shall be within the exclusive authority of said council, and it may at all times prohibit the retail of such liquors unless such prohibition would be inconsistent with the laws of the State at the time existing. And the said council is authorized to revoke or suspend any of the above licenses when it is deemed that the good order and welfare of the city require it."

Existing a general law prohibiting the sale and traffic in intoxicating liquors, it is impossible for us to see how this section confers upon the city council the exclusive power to punish any one selling in violation of the general statute. The power to license such places is not given to the city authorities by the language of the statute. To say

that when the law refuses a license, the city council alone has the power to prosecute and punish those selling intoxicating liquors would confer power certainly not expressly given, nor by any means deducible by the remotest implication. Then such a construction would by implication repeal *pro tanto* the general law — strip it of its otherwise uniform operation, and such a construction is never favored, nor allowed if one can be found which will uphold both statutes. And then assuming that the authority to license is given in any case, even when the laws of the State should permit the same: the matter "which is to be within the exclusive authority of said council," is to be exercised, when prohibition is the rule, subordinate to the rights of the State.

Affirmed.