<hr/>

## SMITH v. MILBURN.

1. Pleadings: DEFECTS. Defects in a petition will not be considered sufficient ground for the reversal of a judgment, when they did not affect the substantial rights of the defendant.

2. —— REPLICATION. A replication is allowable only when allegations of counterclaim, set-off or cross-demand are set out in the answer.

3. —— IMPLIED DENIAL. When an answer contains allegations of new matter not relating to counterclaims, set-off, or cross-demand, such

allegations will be deemed controverted without further pleadings, as upon direct denial, or avoidance as the case may require.

4. Seduction. The act of sexual intercourse alone does not constitute the crime of seduction. It must be accomplished by false promises, artifices or deception, to constitute the crime.

5. —— PREVIOUS UNCHASTE CHARACTER. An unmarried woman of previously unchaste character may, in an action for her own seduction, recover damages for loss of health, and all other injuries consequent upon the act of seduction, except injury to or loss of character. The character of the plaintiff before the seduction, may be shown in mitigation of damages, but not as a complete defense.

*Appeal from Linn District Court.*

TUESDAY, JUNE 28.

THE petition alleges that defendant, on the 1st of January, 1862, and on other days, &c., "with force and arms, assaulted, debauched and carnally knew" the said plaintiff, &c. Trial and verdict for plaintiff, and defendant appeals. The other material facts will be found referred to in the opinion.

*R. D Stephens* and *Thomas Corbett* for the appellant.

*Preston & Son* for the appellee.

WRIGHT, Ch. J.—The errors relied on will be noticed, as far as possible, in the order in which they are discussed by counsel.

The petition does not allege that plaintiff was an unmarried female of previous chaste character, nor does it allege the use of any arts, flattery or deception, nor is the word "seduced" found therein. On the trial, plaintiff claimed and admitted that the gist and gravamen of her action was for seduction, and it was for this she sought to recover throughout. The instructions as asked by defendant, and all those given by the court, proceed upon the same ground. Nor is the question made in any of them, that plaintiff must have satisfied the jury that she was unmar-

ried, nor that she could not recover, if, under the testimony, it appeared that defendant was guilty of so deceiving her. The testimony did show that she was unmarried, and upon the question of character and the use of seductive means, there was, as is not unfrequent in such cases, no little conflict. After the verdict, defendant moved in arrest, because of defect in the petition in omitting the several matters herein above mentioned. And the overruling of this motion is the first error discussed by counsel.

We feel well satisfied that the court did not err in overruling this motion. Without examining and dissecting the petition to ascertain whether it would be good on demurrer, it is sufficient to know that we have a statute which declares in express terms that "the court must in every stage of an action, disregard any error or defect in a proceeding, which does not affect the material rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." Rev., § 2978. This is the law, and as was said in reference to a similar provision in the Code of 1851, §§ 3099, 3361, we do most cheerfully abide by both its letter and spirit. 1 Iowa, 101. Consonant with this rule of the statute, and applicable to the view we take of the case, is the language of the learned Chancellor in *Robinson* v. *Insurance Company*, 1 Johns., 602, where he says, "all objections originating solely in formal defects in the proceedings, will always be yielded to with a considerable degree of reluctance, for if they are permitted to prevail, they compel the parties to run a new career over the whole ground of litigation, to terminate precisely at the point at which they are stopped, before they can have their cause decided on the merits in this court." And see also *Cotes and Patchin* v. *The City of Davenport*, 8 Iowa, 227; conclusion of opinion, and *Updegraff* v. *Bennett*, 8 Id., 72. As was said in one of these cases, "it is impossible to perceive why substantial

*1. PLEAD-INGS: defects, etc.*

justice has not been as fully administered as though the pleadings had been in the most perfect form or complete state, and, if so, the judgment should not be disturbed.

II. Defendant pleads in addition to a denial, an agreement of settlement, or, as it is styled in other parts of the argument, an accord and satisfaction. To this plaintiff replied that it was obtained by false representations and by fraud; that the writing containing the evidence of said supposed settlement was never read to her, but that the explanation given was that it would not affect this prosecution, but was for the benefit of her child, was received with that understanding, and that she never has received anything in satisfaction of the injury complained of in this action.

2. —— Replication, etc.

On the trial plaintiff offered to show that at the time of signing the agreement, defendant said to plaintiff that if he should pay her $1,000 it would make no difference about her prosecuting this suit; that defendant's attorney told her that such signing would make no difference; that she had refused to sign it until that time, and that she did not read it. This testimony was objected to upon the ground that plaintiff had not laid any foundation for it in her pleadings. In argument this objection is stated thus: "Before plaintiff could avoid the agreement on the ground of fraud, she should have set it forth in her petition, and averred that it was void, &c. That no replication is allowed, except to a cross-claim, set-off, or cross-demand, and as a consequence, no proof should have been received to sustain the one filed in this case.

Looking to §§ 2917, 2895, 2896, 2942; 3-4; and, indeed, many other provisions of the Revision, and construing them together, we are of opinion that plaintiff's replication was unnecessary, and that the evidence offered was competent without any foundation being laid therefor in the petition. As hard as the rule may sometimes work, we see no way

Smith v. Milburn.

to escape the conclusion, that except upon the allegations of counterclaim, set-off, or cross-demand in an answer, a reply is not allowed.

If the answer contains new matter not relating to such set-off, it is to be deemed controverted without further pleadings, as upon a direct denial or avoidance. That such denial or avoidance need not be contained in the petition, is but too manifest, as the circumstances of this case will sufficiently serve to show. For why should plaintiff be held in her petition to deny or avoid a paper or agreement which she maintains had no proper or legitimate reference to her right to recover, and which, therefore, she had no right to presume would be urged against her claim? That plaintiff did reply unnecessarily, we need not say worked no prejudice to defendant, and he, therefore, on that account, cannot complain.

*3. —— Implied denial.*

III. The court instructed the jury that, though defendant debauched plaintiff, yet, if prior to such illicit intercourse, she was not of good character for chastity, there could be no damages for loss of character. And to this instruction it is objected that it allowed the jury to give damages for loss of health, for bodily suffering during delivery, and, indeed, for everything else than loss of character, though the pregnancy was brought about by her own act, she being equally guilty with defendant.

*4. —— Seduction.*

As to the latter part of this proposition, we remark that it is not justified by anything contained in the instruction referred to, and in others it is expressly and clearly negatived. Thus the jury are advised in substance that there might have been a criminal connection between these parties, and still defendant would not be guilty of seduction; that if plaintiff, without being deceived, or without the use, on the part of defendant, of any false promise or artifice, voluntarily submitted to his embrace, the law would not afford her redress. So that in this respect defendant's

objection finds no warrant in the instruction, and there is therefore no ground of error.

6. —— Previous unchaste character. But, suppose plaintiff's character for chastity was not good: can she, nevertheless, maintain this action to the extent of recovering for loss of health and the other injuries following the illicit intercourse, save injury to or loss of character? In other words, if it appears in an action brought by the female for her own seduction that she was previously unchaste or not of good character for chastity, can she recover? Or, still again, is previous chastity essential? and without it, can plaintiff recover any damages?

The statute gives the unmarried female the right to prosecute an action for her own seduction, and to recover therein such damages as may be assessed in her favor. The offense is punished criminally also; but a character previously chaste is essential to the maintenance of the prosecution. *Andre* v. *The State*, 5 Iowa, 396. In *Gover* v. *Dill*, 3 Id., 339, it was admitted by counsel for plaintiff, however the law might be, "that the person seduced must have been previously of chaste character" to authorize a recovery. In none of the other cases, prior or subsequent, in this State, does it appear that this question has been made or discussed. The action was brought by the father in the case of *Stevenson* v. *Belknap*, 6 Id., 97; and the same is true of *Updegraff* v. *Bennett*, 8 Id., 72. The question, so far, therefore, is undecided in this court; and in disposing of it we remark that it seems to us to be one of fact rather than law.

In this action it is not sufficient to establish the sexual intercourse; but plaintiff must show that defendant accomplished his purpose by some promise or artifice, or that she was induced to yield to his embrace by flattery or deception. If, without being deceived, and without any false promises, deceit or artifice, she voluntarily submits to the connection, the law affords her no remedy. Nor can she

be said to be thus deceived if she has lost her character for chastity—if she has already lost the priceless jewel of the virtuous woman? Or, if she has before yielded to the embraces of other men, does she thereby, so far as this action is concerned, become an outlaw, and will the courts in this form deny her all damages? Is it not possible that, while she is no longer chaste in fact, while her character for chastity has been destroyed, she may, nevertheless, be seduced? Can it be said to follow as a legitimate legal conclusion, that because she may no longer be actually chaste, she is therefore presumed to yield to the embrace of the party charged, voluntarily and without the use of any of those arts necessary to give the right of action? Or, still again, is a female having such a moral or social *status* subject to the wiles and arts of every rake in the land, and to be denied all remedy?

Now, it will not be denied that cases can well be imagined and perhaps have an actual existence when to establish such a rule, would destroy, so far as legal rules are concerned, every inducement to reformation, and where to permit the party charged to entirely escape, would shock the moral sense of every fair and candid mind. In early life the artless and credulous female may have yielded to the promises and artful influences of the vile and heartless seducer, and for ten, fifteen, or twenty years, her life may have been above reproach—not a whisper of suspicion uttered against her virtue. And yet, strictly, she is not chaste in person, for she has yielded to the illicit embrace. To say that such a woman could not be seduced; that she could recover no damages, however clear the proof that the connection for which she complains, was not voluntary, but the result of the most deliberate, carefully planned and wicked artifice, would certainly be monstrous. The opposite case would be where the unchaste conduct or character, continued to, or near the time, of the alleged seduction.

Smith v. Milburn.

But suppose the jury believe that in the particular case the proof establishes not a mere illicit connection, but seduction, within the meaning of the law; while thereby she may not suffer in character, and for the loss thereof therefore, may not be entitled to recover, why should not the defendant respond for the other consequences of his wrong?

The answer to this, perhaps, is that such a woman cannot be said to be seduced; that she has already left the path of virtue and chasity, and the defendant did not seduce or lead her from it. This may be true as far as relates to character, but is it necessarily true as to the particular act or wrong is concerned? In such a case, defendant has not the means of injuring her character. He does not meet her chaste, and leave her polluted and ruined, but the facts *may* show that she only yielded after the most persistent and long continued artifices and deceitful influences. And, it is no sufficient answer to say that this is improbable, or, indeed, almost impossible. It is the *fact* that is to be inquired into; it is the fact of seduction that the jury are to determine, and all the probabilities or improbabilities are to be weighed and weighed carefully, and with the utmost caution, by them. In directing them as to their duty, the court cannot be too careful nor well lay before them too fully and minutely the necessity of scanning with the utmost caution all the testimony, so as to prevent on the one hand the actual seducer from escaping the damages due to his wrong, and, on the other hand, to ensure that the illicit, designing and seducing female, shall be caught in her own artful meshes. A faithful discharge of duty by court and jury in such cases, will remove all probable room for injustice and injury, and serve to sufficiently protect the innocent, while it detects and punishes the guilty. *Denslow.* v. *Van Horn, ante.*

Then, again, it is to be observed that the statute gives this action to the *unmarried female.* The Criminal Code

punishes the seducing and debauching an unmarried female of *previously chaste character*.

The right of the father or mother to bring suit for the seduction of the minor daughter, still continues as at common law, but the technical rule that there must be a loss of service as a basis for the recovery, is abolished. In an action by the father, the character of the daughter, the seduction being established, only affects the question of damages, and, though unchaste, will not defeat the action. And the thought is certainly just and pertinent that the same rule should apply when the action is brought by her for her own seduction. And, especially so, when the character for chastity enters as an element into the criminal statute, and does not into that giving the civil remedy.

These views dispose of the body of the case. Special interrogatories were submitted to the jury, to some of which objections were taken. The difference between those refused and those asked to be submitted by the defendant, are so slight, and so much is justly left in such matters to the discretion of the court, that we can certainly see no good reason for believing that prejudicial error intervened to justify our interference.

The verdict was for about $650, and is claimed to be against the weight of evidence and excessive. The case was narrowly contested, and there is much conflict in the testimony. The jury hearing and weighing the entire evidence, determined in favor of the plaintiff. And there is certainly much to justify the finding. It is not a case where we are authorized to disturb the verdict. As to damages, no fixed rule can be established. Extraordinary circumstances or the strong suspicion of prejudice or passion, will alone justify the disturbing a verdict in this class of cases on this ground. *Stevenson* v. *Belknap*, 6 Iowa, 97 ; *Sargent* v. *Dennison*, 5 Cow., 106, and cases there cited.

Affirmed.