HAMILTON v. THE DUBUQUE BRANCH OF THE STATE BANK.

*Appeal from Dubuque District Court — Friday, June 19.*

THE CASE OF HAMILTON v. STATE BANK (22 IOWA, 306) REAFFIMED.

This case has been once decided, and is reported in 22 Iowa, 306. A petition for rehearing was presented by the appellant, and a rehearing was granted. The cause has again been very fully and ably argued. The facts of the case are stated, and an opinion thereon prepared, as upon an original hearing. The case reported as above is referred to

for facts, etc., not herein given. The petition of plaintiff contained two counts; the first averred, that, on the 17th day of August, 1864, the plaintiff pledged to defendant, five United States bonds, for $1,000 each, with the coupons, being of the first series, drawing seven and three-tenths per cent interest, to secure defendant in any overdraft plaintiff might make in the course of his business with defendant; that defendant accounted to plaintiff for the first six months' interest on said bonds, but for no other part thereof; that on the 22d day of January, 1867, plaintiff, being still the owner of said bonds, and being desirous of redeeming the same, tendered to defendant the sum of $5,454.35, and demanded the delivery to him of the said bonds and coupons, and also of a certain check for $233.80, drawn by plaintiff upon defendant; that defendant refused to accept the tender, or to deliver the property demanded, or any part of it; that plaintiff thereupon made a tender or offer in writing, which is filed with the petition; it states this offer to pay the amount stated above, as tendered, "being the balance due to you upon my account with you, to secure which I pledged to you five United States bonds, etc."; the first count also contains a statement of the value of the bonds and coupons, and interest on each from maturity, amounting to $5,937.93, and, deducting therefrom the amount tendered, claims judgment for the sum of $483.58, as the balance due plaintiff. The second count sets forth the pledge of the bonds substantially as in the first, and then avers that the defendant wrongfully converted them, and that the value thereof was $6,087.93, for which the plaintiff asks judgment.

The defendant, for answer, in first count, denies the claim of plaintiff, the wrongful conversion, and the value of the bonds, as alleged by plaintiff; second count, admits the pledge of the bonds, and says they were sold with the knowledge, consent, and advice of plaintiff, for their full market value, and the proceeds thereof credited to the plaintiff on his bank account, and which he ratified and confirmed; third, that, for interest on overdrafts, exchange on drafts, and damages on protested drafts, plaintiff became indebted to defendant over $300; that, on settlement of such interest, exchange and damages, a rough estimate was made, and plaintiff agreed to, and did allow defendant $269.70 therefor; that an accounting was had of and concerning all matters of bank account between plaintiff and defendant, including the bonds pledged, and the sale and proceeds thereof, and in such accounting it was ascertained that the defendant owed the plaintiff the sum of $233.80, and it was agreed that said sum should be the balance due plaintiff, as an account stated, and plaintiff's claim became merged in an account stated, and said sum was paid plaintiff by defendant, in full satisfaction of all matters of deal, including the said bonds, and the sale and proceeds thereof; fourth, that after allowing plaintiff the market value of the bonds, at the time they were sold, and all other

credits due him, the balance did not exceed the said sum of $233.80, which was fully paid to plaintiff by defendant. No reply was filed.

The cause was tried to a jury, and resulted in a verdict for defendant. The plaintiff appeals.

*Roberts & Fouke* for the appellant — *Austin Adams* for the appellee.

COLE, J.— I. On the trial the plaintiff, after the jury were sworn, dismissed the first count, then proved the pledge of the bonds, the offer to redeem, defendant's refusal to deliver them, and also their value, and rested. The defendant then introduced as a witness, J. K. Graves, who testified that he was vice-president and general manager of defendant; that the bonds were sold April 5, 1865, at par, their then value and amount placed to plaintiff's credit on his bank account; that he saw plaintiff that morning, and the sale was made with his consent; that after crediting plaintiff with proceeds of the sale, it left a balance of $1,720 due defendant. Four checks in the usual form, purporting to be drawn by plaintiff upon defendant, were then shown witness. Witness stated that the checks shown him were drawn and plaintiff's name signed to them by the bank officers; that they were drawn to balance plaintiff's account for interest, exchange, etc. Witness was then proceeding to state what the defendant ought to have charged plaintiff for interest, exchange, damages, etc., when plaintiff, by his counsel, objected to any statement by witness as to what ought to have been charged. This objection was overruled, and is the first error assigned.

The argument upon this point by plaintiff's counsel is, that the defendant by its answer undertakes to hold plaintiff to a certain settlement, as upon an account stated; and that the defendant, under its own theory, was estopped from saying that it had not charged enough. This argument is sound, but it misapprehends the purpose of the testimony. It is true the defendant pleads, by way of answer, an account stated; this answer is controverted by the statute without any reply. Upon this issue the defendant might properly show, by the testimony of the witness, not only that there was an account stated, but also, in order to meet any, opposing testimony in denial upon this, the chief item in controversy, it might show the advantage resulting to plaintiff from the account stated, as a circumstance in support of it. While it is true, as claimed and argued by plaintiff's counsel, that the evidence was improper for the purpose of enabling plaintiff to recover more than stated, it was not improper evidence upon the issues as made.

II. The second error assigned is, that, the court erred in stating the issues to the jury, by narrowing them as in defendant's first instruction, and by calling the checks signed by the officers in Hamilton's name "bank memoranda."

After the court had given instructions at considerable length, and fully stated therein the subject of the plaintiff's claim, and the defense

thereto, the court also gave certain instructions asked by plaintiff, and modified and gave certain others, also asked by plaintiff. The court then, on motion of defendant's counsel, instructed the jury : "1. That the first count in plaintiff's petition being withdrawn, the only thing for the jury to consider is the question as to whether the bonds were wrongfully converted by the defendant." If the jury believe that the bonds were sold with the consent of the plaintiff, or if he afterward knowingly received the benefit of the sale, he cannot recover in this case. This, taken in connection with the other instructions, were not erroneous. Whether or not the bonds were wrongfully converted, was the question at issue. If they were rightfully converted plaintiff did not by his petition claim to recover. The whole basis of his claim was the wrongful conversion of the bonds. The petition was not framed with a view to the recovery of the value of the bonds if rightfully sold by the defendant, nor for any balance due on an account. So with the defendant's answer ; it simply denies the wrongful conversion, and relies upon the account stated and settlement in bar of plaintiff's claim. By showing the account stated by plaintiff and defendant, and the payment of the balance to plaintiff, with a knowledge on his part of the sale of the bonds, and a credit for the proceeds in the account, would negative the idea of a wrongful conversion for which defendant would be liable. The evidence, as to usury, and the amount of exchange and interest was admissible under the issue as to an account stated. 2 Greenl. Ev. 128 ; *Holmes* v. *D'Camp*, 1 Johns. 34.

The fact that such evidence was received on the trial below, does not prove that the issues tried involved an examination of the bank account as a set-off to plaintiff's claim. No such issue was made by the pleadings, and the record does not show the trial of such issue in the District Court. The testimony as to usury might have been admitted, as it was without objection, for the purpose of rebutting the defendant's claim as to the account stated ; for whether there was an account stated involved the existence of an account, and to a greater or less extent the several items of it. Upon these questions the several instructions given by the court were directed. And, in turn, all these questions resolved themselves into the one, whether the bonds were wrongfully converted. For, if the claim by defendant of an account stated had been defeated by showing a mistake, fraud, or faultless ignorance of the plaintiff as to its items in relation to usury, bonds and the like, one ground of defense showing the rightful conversion by proof of subsequent ratification would have been removed.

And in this view of the case there was no infringement of the doctrine in *Smith* v. *Milburn*, 17 Iowa, 30. It was there correctly held, that, when an answer contains allegations of new matter not relating to a counter claim, set-off or cross demand, such allegations will be deemed controverted without further pleadings, as upon direct denial

or avoidance, as the case may require. So in this case, the plaintiff was permitted to introduce testimony in denial and avoidance of the claim by defendant of an account stated and settlement. Upon the case made by such evidence, the court, on its own motion and at plaintiff's request, gave instructions at length to the jury, which were received and considered by them ; and at defendant's request, the court gave the instruction above quoted, as to the ultimate fact to be found by them. The court did not withdraw the other instructions given, nor at all interfere with their proper consideration by the jury.

It is also urged, under this assignment, that the checks signed by the bank officers with the name of the plaintiff, were called by the court, in its instructions, "bank memoranda." The jury evidently understood what papers were referred to by this designation, and it is difficult to see how any prejudice could possibly occur to plaintiff thereby.

III. The next assignments of error relate to the instructions. The first three, given by the court on its own motion, state the issues, and, as we read them, correctly. The fourth instructs the jury, that, if the plaintiff drew his check on defendant for the full balance, including the proceeds of the bonds pledged, with the intent and understanding that such check closed his account, then plaintiff was concluded thereby ; but if there was a mistake in the account, he was not concluded, and might recover the amount he was damaged. This was correct. The fifth instructs the jury, that, if the sale of the bonds was made with plaintiff's consent, or if without his consent and he knowingly accepted the credit after the sale, then he cannot complain that the sale was not made pursuant to law regulating sales of pledged property. There was no error in this. The sixth instructs the jury that if they find plaintiff was overcharged by the "bank memoranda" in the form of checks, they should allow plaintiff the amount overcharged ; but if the amounts were proper, the form of doing it would not affect defendant's rights. There was no error here to the plaintiff's prejudice ; for if he was overcharged, and afterward assented to it and paid his account, or with knowledge thereof accepted the amount due him, he might well be concluded thereby. If there was usury, and plaintiff had paid it without knowing it, and had also paid the principal indebtedness, he could not, under such circumstances, enforce the forfeiture of principal and interest under the bank law, and recover the same in this action ; but, at most, could recover only the excess of legal interest paid under the mistake.

The seventh, eighth, ninth and tenth, relate to the measure of plaintiff's damages, in case the jury should find for him. It becomes necessary for us to examine these, since the jury found that plaintiff was not entitled to any thing. He could not have been prejudiced by the instructions given, although they may not have stated the measure of recovery as liberally for the plaintiff as the law would require. If

plaintiff had recovered a verdict for some amount, then he might be entitled to controvert the measure of damages; but as he is entitled to nothing, it becomes wholly immaterial as to what rule it is measured by.

The first instruction asked by plaintiff was given. It was, in substance, that plaintiff was not bound by the alleged settlement, if he labored under a mistake of fact, as to the credit of the proceeds of the bonds, the charge of more than eight per cent interest, or the drawing of the check in his name, by the bank officers (and especially so since the accounts were kept by defendant), if, within a reasonable time, plaintiff discovered the mistake, and demanded that it be rectified. The second asked by plaintiff related to the measure of damages, and was refused; although it may have been good law, plaintiff was not prejudiced by its refusal, as shown above. The third asked by plaintiff was, that a person to whom property of the kind in controversy was pledged has his election to pursue one of three remedies: he may proceed personally against the pledgor, or by bill in chancery for a judicial sale of the pledge, or he may sell the pledge at auction, after giving reasonable notice, etc., and a sale in any other manner is void; that if defendant sold said bonds at private sale, or at public sale, without giving reasonable notice to the plaintiff to redeem, the sale was wrongful, and the defendant is liable. The court modified this instruction, by adding, that if plaintiff acquiesced in the sale by settling his account on the basis of the amount received for the bonds, or delayed for an unreasonable time to repudiate the sale, he now has no claim for a wrongful conversion. The propriety and legality of this modification is very apparent upon an examination of the pleadings and proofs, and there was no error in the action of the court in this particular. The modifications by the court, of the fourth and fifth instructions asked by plaintiff, have been, in substance, disposed of in what has been heretofore said. There was no error in the modifications made.

The only other error assigned is, that the verdict is against the evidence. There was a direct and irreconcilable conflict in the testimony. In such case the jury are the proper triers of the fact, and an appellate court will not disturb their finding.

Affirmed.