* Robinson *v.* Powers.

No. 15,361.

## ROBINSON *v.* POWERS.

PLEADING.—*Complaint.—Sufficiency of After Verdict.*—If a complaint is sufficient to bar another action for the same cause, it is good after verdict, where its sufficiency is questioned by a motion in arrest of judgment, or by an assignment of error in the Supreme Court, if the defects are such as may be supplied by proof.

SEDUCTION.—*Instructions to Jury.—Definition of Seduction.*—In an action for damages for seduction, it is not error for the court to instruct the jury that "the term seduction is defined in the law books in these words," etc., instead of stating an independent definition covered by the judge himself, the correctness of the definition not being questioned.

SAME —*Instructions to Jury.—Chastity of Plaintiff.—Presumption as to.*—It is not necessary in an action for damages for seduction to instruct the jury that before the plaintiff can recover she must prove that at the time of the commission of the injury she was of chaste character, the court having instructed the jury that to entitle the plaintiff to recover she must have yielded to the illicit intercourse by reason of the promises and influence made and brought to bear upon her by the man. The presumption of law is in favor of the woman's chastity, and in the absence of any evidence to the contrary, the law will presume that she was chaste.

SAME.—*Instructions to Jury.— Unchastity of Plaintiff.*—In the absence of evidence tending to show that the plaintiff was an unchaste woman, or a woman of no virtue, it is proper for the court to refuse to instruct the jury that "An unchaste woman, or one who is not virtuous, can not be seduced."

From the Pike Circuit Court.

*J. S. Pritchett*, for appellant.

*E. P. Richardson* and *A. H. Taylor*, for appellee.

OLDS, J.—The appellee brings this action for damages for her own seduction. The case was commenced in the Knox Circuit Court, and the venue changed to the Pike Circuit Court, where there was a trial by jury, and a verdict and judgment in favor of the appellee for $1,200.

Appellant filed a motion for a new trial, also made a motion in arrest of judgment, which motions were overruled and exceptions reserved.

Errors are assigned on the rulings of the court in over-ruling the motion for a new trial, and overruling the motion in arrest of judgment. It is also assigned as error that the complaint does not state facts sufficient to constitute a cause of action. Counsel for appellant first discusses the sufficiency of the complaint.

It is contended that the complaint is insufficient for the reason that it fails to state with sufficient certainty the methods and means by which the seduction was accomplished.

No demurrer was filed to the complaint, it was first questioned after verdict. The rule is that if a complaint is sufficient to bar another action for the same cause, if the defects are such as may be supplied by proof, it is good after verdict, when its sufficiency is questioned by motion in arrest, or by an assignment of error in this court. *Burkhart* v. *Gladish*, 123 Ind. 337; *Colchen* v. *Ninde*, 120 Ind. 88; *Chapell* v. *Shuee*, 117 Ind. 481.

We deem it unnecessary to set out the complaint in this case, as we regard it as clearly sufficient. We think a fair construction to be put upon the complaint is, that it charges that the appellant accomplished the seduction of the appellee, and induced her to surrender her chastity and virtue to his embraces, by keeping company with her, expressing love for and promising to marry her; and this was the construction placed upon the allegations of the complaint by the judge who tried the cause in his instructions to the jury.

The appellant contends that the court erred in the giving of certain instructions, and in the refusal to give certain other instructions requested by the appellant. The evidence is not in the record.

It is insisted that the court erred in giving instruction numbered three, for the reason that it states that seduction is defined by the law books in certain words, and that it was the duty of the court to instruct the jury what seduction is

under the law, and not what it is defined to be by the books. The instruction is short and we here set it out in full:

"3. The term ' seduction ' is defined in the law books in these words: ' The use of some influence, promise, art, or other means on the part of a man by which he induces a woman to surrender her chastity and virtue to his embraces.' The particular influence charged in the complaint is that the defendant paid his attentions to the plaintiff, and expressed love and affection for her and promised to marry the plaintiff."

We think the jury were not misled by this instruction. " Seduction " is defined by Bouvier as " The act of a man in inducing a woman to commit unlawful sexual intercourse with him." The definition given is the same as declared by the Supreme Court of Oregon, in the case of *Patterson* v. *Hayden,* 17 Ore. 238, but no question is raised as to the correctness of the definition, and we think the fact that the court stated it was so defined by the books, instead of stating an independent definition coined by the judge himself or quoted from a book, is a mere technical objection, and not such error as justifies the reversal of the judgment.

The appellant next complains of the fourth instruction given to the jury. This instruction reads as follows:

" 4. If the jury find from a preponderance of the evidence that the defendant Robinson was an unmarried man, and the plaintiff an unmarried woman at the time of the commission of the alleged injury, and that Robinson, by his attentions, expressions of love and affection for her, and promise to marry the plaintiff, thereby gained her affection and confidence, and importuned her to sexual intercourse with him, and she, through her confidence in him and love for him, yielded to his solicitations, it was seduction, for which, under the section of the statute before quoted, she may maintain an action and recover such damages as may be assessed in her favor; and, if the preponderance of the proof establishes the material propositions above named, you should find for

the plaintiff, and assess her such damages as you think just and right under the circumstances."

The objection to this instruction is that it omits the element of previous chaste character; that, in order to constitute seduction, the woman must surrender her chastity, and that to be seduced a woman must be virtuous and chaste; in other words, that this instruction should have contained a statement to the effect that if the plaintiff at the time of the commission of the injury was an unmarried woman, of chaste character, and in yielding to his solicitations surrendered her chastity, it would have been a correct statement of the law, and without such an element in the instruction it is erroneous.

The presumption of the law is in favor of the woman's chastity, and in the absence of any evidence to the contrary the law will presume that she was chaste.

In the case of State v. McClintic, 73 Iowa, 663, the court holds that this presumption prevails in a criminal prosecution for seduction, and the State need not prove it.

In a case for seduction the general character for chastity of the person alleged to have been seduced is in issue. Shattuck v. Myers, 13 Ind. 46. The unchastity of the woman may be proven for two purposes; one as tending to show that she was not seduced—that she did not yield by reason of any influences, promises, arts or means brought to bear upon her by the man, but yielded on account of her own lust and want of chastity. It is also proper in mitigation of damages.

A woman of previous unchaste character may reform and afterwards be seduced, and recover such damages as she may have sustained, if she in fact reformed and was afterwards seduced.

The court charged the jury by this instruction that the plaintiff, before she could recover, and to establish seduction, must establish, by a preponderance of the evidence, that by reason of the defendant's attentions, expressions of love and

affection for her, and of his promise to marry her, he gained her affection and confidence, and importuned her to sexual intercourse with him, and that she, through her confidence in him, and love for him, so gained by the means aforesaid, yielded to his solicitations. This placed upon the plaintiff the burden of proving that it was by reason of these promises and means used by defendant that she yielded, and not on account of her own lust and want of chastity.

The evidence not being in the record, it does not appear that the appellee's chastity was questioned by the appellant upon the trial, or that there was any evidence tending to establish want of virtue on her part previous to the injury complained of.

The presumption being in favor of the woman's chastity, she not having to introduce any evidence to support it unless attacked, it is not necessary to embody, in an instruction, such as the one under consideration, stating that the woman must have yielded to the illicit intercourse by reason of certain promises and influences made and brought to bear upon her by the man, a statement that it must also be proven that she was of previous chaste character.

This instruction declares that the jury must find from a preponderance of the evidence that certain facts are true before they can find for the plaintiff; and it was not necessary that any evidence should have been introduced on the subject of chastity, and, for aught that appears in this case, none was introduced.

The jury made their finding from the evidence. In the absence of proof, virtue was a presumption of law.

In the case of *Smith* v. *Milburn*, 17 Iowa, 30, the court held that an unmarried woman of previously unchaste character, might, in an action for her own seduction, recover damages for loss of health and all other injuries consequent upon the act of seduction, except injury to or loss of character.

There are decisions holding that the character of the plaintiff before the seduction may be shown in mitigation of damages, but not as a complete defence. See *Weaver* v. *Bachert*, 44 Am. Dec. 159, and note, pp. 171 and 176.

We do not think the court erred in giving the fourth instruction.

The same objection is made to instruction numbered five.

It is next contended that the court erred in refusing instruction numbered two, requested by appellant. This instruction seeks to put into the element of seduction the fact that the woman must be at the time chaste. It concludes as follows: "An unchaste woman, or one who is not virtuous, can not be seduced.''

In the absence of evidence tending to show the appellee to be an unchaste woman, or a woman of no virtue, this instruction was properly refused, even if such an instruction was proper under any state of the proof. It does not follow that because a woman has at some time surrendered her chastity to the embraces of one man, she may not be afterwards seduced by another ; nor because she has once sinned that she can not repent, and then be seduced and recover for her seduction.

What we have said disposes of the question arising on the refusal to give the fourth instruction requested by the appellant.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 7, 1891.