CASE 72—ACTION BY ABRAHAM STOWERS AGAINST SAMUEL R. SINGER
TO RECOVER DAMAGES FOR THE SEDUCTION OF PLAINTIFF'S DAUGH-
TER.—MAY 30.

# Stowers v. Singer.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED. PE-
TITION FOR REHEARING GRANTED. FORMER OPINION WITHDRAWN
FOR FORMER REPORT. SEE 67 S. W., 822.

SEDUCTION—INSTRUCTIONS TO JURY—WAIVER OF OBJECTION—PUN-
ITIVE DAMAGES—REFUSAL OF INSTRUCTION DEFINING SEDUCTION.

Held: 1. Appellant can not complain of an instruction given in the
exact language of an instruction asked for by him.
2. In an action by a father to recover damages for the seduction of
his daughter, the court properly refused to instruct the jury
that, in order to award exemplary damages. they must believe
that the seduction and carnal knowledge of plaintiff's daughter
"were wilfully or maliciously accomplished by defendant, or
knowingly, wantonly, or recklessly persisted in by him, to the
great danger of the impregnation of said daughter."
3. Plaintiff was not prejudiced by an instruction to the jury to find
for defendant unless they believe "as set out in instruction No.
1," though the jury, by instruction No. 1, was authorized, in
its discretion, to give punitive damages.
4. In an action by a father to recover damages for the seduction of
his daughter some definition should be given to the word "se-
duction" in instructing the jury, and it is not sufficient to tell
them that they should find for plaintiff if they believed that de-
fendant "seduced, debauched, and carnally knew" his daughter,
"and that by reason or means of such seduction and carnal
knowledge of said daughter said daughter became pregnant,"
etc.
5. The word "seduction," when applied to the conduct of a man to-

wards a woman, means the use of some influence, artifice, promise, or means on his part by which he induces the woman, who is then, and has theretofore for a reasonable time been, a woman of chaste conduct, to submit to unlawful intercourse with him; and it is proper to so instruct the jury in an action to recover damages for seduction, and, where the evidence justifies it, to add the statement that proof of former unchastity may be considered in mitigation of damages, and to show that the sexual intercourse was without enticement, artifice, persuasion, or solicitation, but that such former unchastity is not of itself a defense, if the plaintiff had, for a reasonable time before the alleged seduction, been leading a virtuous life.

CHAS. H. FISK, ATTORNEY FOR APPELLANT.

STATEMENTS OF POINTS DISCUSSED AND AUTHORITIES CITED.

1. The petition states a cause of action. The action is a statutory one. Kentucky Statutes, chap. 1, sec. 2, Gen. Stat. chap 1, sec. 2; 1 Rev. Stat. chap. 1, sec. 2; Pence v. Dozier, 7 Bush, 134; Burks v. Shain, 2 Bibb, 343; Hancock v. Wilhoite, 1 Duv., 313; Wilhoite v. Hancock, 5 Bush, 568, 572; Woodward v. Anderson, 9 Bush, 624, *et seq.;* Lawyer v. Fritcher, 14 L. R. A., 700; Shellman v. Frymire, 9 Ky. Law Rep., 894; Covington St. Railway Co. v. Packer, 9 Bush, 459, 2 Waite's Actions and Defenses, 445, 450, 451 and cases cited; Waite's Actions and Defenses, 658, sec. 2; Briggs v. Evans, 5 Ired. (N. C.) 16.

2. Measure of Damages. Exemplary may be awarded. 2 Waite's Actions and Defenses, 450, 451, 446, 447, 448; Stevenson v. Belknap, 6 Iowa, 97; Like v. Eisenlord, 32 N. Y., (5 Tiff.) 229; Ball v. Bruce, 21 Ill., 161; Chiles v. Drake, 2 Met., 146; Day v. Woodworth, 13 How. (U. S.) 363; Conrad v. Pacific Ins. Co., 6 Pe. (U. S.) 262; Stimson v. The Railroads, 1 Wall, (U. S.) 164.

3. New trial should have been granted. Price's Admr. v. Thompson, &c., 84 Ky., 224; Civil Code, sec. 340; McFarland's Admr. v. Clark, 9 Dana, 134, &c.; Shellman v. Frymire, 9 Ky. Law Rep., 894; Graham & Co. v. Clark, &c., 18 Ky. Law Rep., 866, 867; Miller v. Field, 3 Mar., 110; Barrett v. Belshe, 4 Bibb, 348; Clark v. Ruttledge, 2 Mar., 381; Finley v. Tyler, 1 Litt., 162; Higdon v. Higdon, 2 Mar., 42; McCall v. Hitchcock, 9 Bush, 71, 72; Lambert v. Hicks, 15 Ky. Law Rep., 240; McKinney v. Commonwealth, 1 J. J. Mar., 319, 320; Haggin v. Christian, 1 Mar., 579; Mahan v. Jane, 2 Bibb, 33; Boyce v. Yoder, 2 J. J. Mar., 515; Holmes v. McKinney, 4 Mon., 4, 5;

Stowers v. Singer.

Hunt v. Owings, &c., 4 Mon., 22; Fleet & Semple v. Hollenkamp, 13 B. Mon., 223; Klein v. Gibson, 8 Ky. Law Rep., 343; Elliott v. Harris, &c., 81 Ky., 423; L. & N. R. R. Co. v. Whitley County Court, 100 Ky., 413, &c.; Allen v. Perry, 6 Bush, 91; Adams Oil Co. v. Stout, 19 Ky. Law Rep., 758, &c.; Johnson v. Stivers, 95 Ky., 128; Bramel v. Clark, 6 Ky. Law Rep., 220.

4. Unchastity of daughter no defense. Shellman v. Frymire, 9 Ky. Law Rep., 894.

5. "Seduction" should have been defined in the instructions of the court.

B. F. GRAZIANI, ATTORNEY FOR APPELLEE.

The only point really involved in this case is, Is the plaintiff entitled to a new trial because of newly discovered evidence?

This action was brought against Prof. Samuel R. Singer by the appellant for damages for the alleged seduction of his daughter. The issues were made, a trial was had before a jury who returned a verdict for the defendant. During the trial one or two witnesses testified as to statements made by Estella Stowers admitting her intimacy with other persons, and other immodest statements. Mary Rice was a regularly subpoenaed witness. Appellant knew the witnesses he would have to confront. Estella Stowers admitted some of these statements and denied others. The jury saw the witnesses and heard them and believed the statements made by appellee's witnesses and their verdict should not be disturbed.

This court, in an unbroken line of decisions for the past thirty years, has decided that a "new trial shall not be granted upon the grounds of newly discovered evidence to a point which was in issue on the former trial," unless the newly discovered evidence is of such permanent and unerring character as to preponderate greatly, or to have a decisive influence upon the evidence to be overturned by it.

CITATIONS.

Wells v. Phelps, 4 Bibb., 563; Chambers v. Chambers, 2 Mar., 349; Miller v. Field, 3 Mar., 109; Daniel v. Daniel, 2 J. J. Mar., 52; Ewing v. Price, 3 J. J. M., 522; Withers v. Butts, 7 Dana, 329; Fleet v. Hollenkamp, 13 B. M., 225; McFarland v. Clark, 9 Dana, 135; Leonhart v. Stalzenberger, 7 Bush, 210; Ripperdon v. Scott, 1 Mar., 152; Hargis v. Price, 4 Dana, 81; Respass v. McClanahan, Hard, 345; Eccles v. Shackleford, 1 Litt., 38; Yancey v. Downer, 5 Litt., 10; Berry v. Branham, 3 R., 756; Marshall v. Senour, 3 R., 756; Mercer v. Mercer, 87 Ky., 21.

Stowers v. Singer.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING—PETI-
TION FOR NEW HEARING GRANTED FORMER OPINION WITHDRAWN.

This is an action under section 2, Kentucky Statutes, for the seduction of appellant's daughter, who was about 20 years of age at the date of the alleged seduction. It was claimed that the seduction was accomplished by appellee while he was the principal of the colored public school in Covington, and while the girl was a pupil therein. There was sharp conflict of testimony. The jury found for the defendant.

The first ground urged for reversal is error in the instructions. The first instruction given is a literal copy of the first instruction offered on behalf of appellant, except that at the conclusion the jury was instructed that it might, "in its discretion, governed by the proof, award a further sum by way of punitive damages, if the jury finds for plaintiff, not exceeding in all the sum of $10,000." The instruction seems to us correct. At all events, appellant can not be heard to complain of it, as it was given in the exact language of the instruction asked for by him. The court properly refused instruction "b" offered by appellant upon the subject of exemplary damages. That instruction requires the jury, in order to award exemplary damages, to believe that the seduction and carnal knowledge of appellant's daughter "were willfully or maliciously accomplished by defendant, or knowingly, wantonly, or recklessly persisted in by him, to the great danger of the impregnation of said daughter," etc. Malice is not required to authorize exemplary damages in a case of seduction, and it would seem that the act of seduction was necessarily willful. The second instruction given was: "Unless the jury believe as set out in instruction No. 1, the jury should find a verdict for defendant." It is contended seriously

that this was prejudicial error, as instructing the jury to find for defendant if they did not believe punitive damages should be given. We can not believe that a jury composed, as we are bound to assume the trial jury in this case was composed, of persons of ordinary intelligence, could have been thus misled by this instruction. It is further contended that it was error to refuse the instruction "c" offered by appellant, as follows: "The court instructs the jury that 'seduction,' as mentioned in the instruction of the court, is the act of a man in inducing a woman to commit unlawful sexual intercourse with him." This is the definition of the word given in Bouvier, and it is contended that its omission was prejudicial; that the ordinary understanding of "seduction" is the first intercourse of a male with a female; and therefore the first instruction given required the jury to find for the defendant, though they believed he had carnally known the plaintiff's daughter, if they believed some other person had had intercourse with her before him. Upon the question whether an instruction defining "seduction" should be given in a case of this character we are cited to no authority by counsel, and there seems to be no Kentucky case upon the subject. 19 Ency. Pl. & Prac., p. 412, citing Robinson v. Powers, 129 Ind., 480, 28 N. E., 1112, and Breon v. Henkle, 14 Or., 494, 13 Pac., 289, lays down the rule that "the court should instruct the jury on the definition of 'seduction,' the constituent elements thereof, what may be considered by them, and what must be proved in order to authorize a recovery." It is evident that the practice as to instructions in those States is somewhat different from that which prevails with us. But it may be conceded that there should be some definition given to the word, and upon a reconsideration of the case, we have reached the conclu-

sion that the instruction given on behalf of appellant that, if the jury believes that appellee "seduced, debauched, and carnally knew plaintiff's daughter, Estella Stowers, and that by reason or means of such seduction and carnal knowledge by defendant of said daughter, said daughter became pregnant," etc., they should find for appellant, is not a sufficient definition of the word. Webster's International Dictionary defines this word as: "The act of seducing; incitement to wrongdoing; specifically, the offense of inducing a woman to consent to unlawful sexual intercourse, by enticements, which overcome her scruples; the wrong or crime of persuading a woman to surrender her chastity." The last meaning above given is the meaning usually attached to the word in common use. In common parlance, the word imports absolute chastity upon the part of the injured female, and the use of the conjunction "and" in the instruction quoted gives color to the idea that the seduction complained of must be the first lapse from virtue. It requires that she should be debauched and carnally known and seduced. This, we think, is not the legal meaning of the word. It is not necessary that she should have been virtuous. As said by the Indiana supreme court in Robinson v. Powers, 129 Ind., 480, 28 N. E., 112: "It does not follow that because a woman has at some time surrendered her chastity to the embraces of one man, she may not be afterwards seduced by another; nor because she has once sinned that she can not repent, and then be seduced, and recover for her seduction." On the other hand, we can not concur in the contention of appellant that a mere meretricious connection with a wanton woman is, in law, seduction, because it resulted from the man's request. As said by the Oregon supreme court in Patterson v. Hayden, 17 Or., 238, 21 Pac., 129, 3 L. R. A., 530,

11 Am. St. Rep., 822: "There is no doubt that a woman
may be guilty of unchastity, and then reform, and lead a
virtuous life.   In such case her seduction ought to be vis-
ited with such damages as a jury would think, in view of
all the facts and circumstances, the defendant ought to
pay.   But to justify a recovery there must be a reforma-
tion; in other words. the female must have honestly aban-
doned and ceased her lewd conduct for a sufficient length
of time before the act complained of to induce the jury,
as reasonable men. to believe the reformation was real,
and not feigned." And in that case the court held that
an instruction that proof of former unchastity is not of
itself a defense to the action, provided that for a reason-
able time before the alleged seduction the, female had
abandoned and ceased her unchastity, if she had been un-
chaste, was correct.   But in the same case the court said:
"What is the legal effect of lewd practices and habits of
the female alleged to have been seduced at and immediate-
ly before such alleged seduction?   Do  they only miti-
gate the damages, and corroborate the defendant's denial
of the seduction, or do they go further, and defeat the
plaintiff's right of recovery entirely, if the jury are satis-
fied that the female alleged to have been seduced was in
the habit of seeking opportunities for criminal indulgence,
not only with the defendant, but with various other per-
sons, about the time of such alleged seduction?   In other
words, can a woman who engages in criminal indulgence
with her male acquaintances as opportunities present them-
selves, and who will make opportunities for that pur-
pose, be said to be seduced, within the true intent and
meaning of the statute?   Is such a woman drawn aside
from the path of virtue, and overreached by the artifice,
deception and cunning of the seducer?   Unless these ques-

Stowers v. Singer.

tions can be answered in the affirmative, it is not perceived that she was 'seduced.' To hold otherwise would be to break down all distinctions between the virtuous and vicious, and to place the common bawd on the same plane with the virtuous woman, whose life was pure, and whose confidence had been betrayed by the heartless libertine." The conclusion thus stated is, we think, supported by abundant authority. We conclude, therefore, that the word "seduction," when applied to the conduct of a man towards a woman, means the use of some influence, artifice, promise or means on his part, by which he induces the woman, who is then, and has theretofore for a reasonable time been, a woman of chaste conduct, to submit to unlawful intercourse with him. To this may be added, if the evidence justifies it, a statement that proof of former unchastity may be considered in mitigation of damages, and to show that the sexual intercourse was without enticement, artifice, persuasion or solicitation, but is not of itself a defense if the plaintiff had, for a reasonable time before the alleged seduction been leading a virtuous life. Baird v. Boehner, 72 Iowa, 318, 33 N. W., 694; Bell v. Rinker, 29 Ind., 267; Smith v. Milburn, 17 Iowa, 30; Love v. Masoner, 6 Baxt., 24, 32 Am. Rep., 522; Hogan v. Cregan, 6 Rob. (N. Y.), 138; White v. Murtland, 71 Ill., 250, 22 Am. Rep., 100; Drish v. Davenport, 2 Stew., 266; Breon y. Henkle, 14 Or., 494, 13 Pac., 289.

In the view of the conclusion we have reached, it becomes unnecessary to consider the other grounds for a new trial.

The former opinion is withdrawn, and the judgment is reversed, and cause remanded, with directions to award appellant a new trial, and for further proceedings consistent herewith.

Whole court sitting.