Turner v. Loler.

———+o●o+———

TRACY P. TURNER, Respondent, *v.* JOHN LOLER, Appellant.

> 34 461
> 76a 292

*Practice—Instructions.*—An instruction should apply the proposition of law to the facts of the particular case.

*Practice—Instructions.*—An instruction should not take from the jury the determination of the facts.

### Appeal from Law Commissioner's Court.

*A. S. McDonald,* for respondent.

*J. B. Goff,* for appellant.

BATES, Judge, delivered the opinion of the court.

This was a suit originally brought before a justice of the peace, to recover damages for the breach of a contract for the sale of a horse by the defendant to the plaintiff. Upon appeal to the Law Commissioner's Court, it was tried before a jury.

For the plaintiff the court gave two instructions. The first is as follows:

"The jury in this case are instructed that in any case where a tender should be made in law, if the tender is waived by the party who should receive it, it is quite the same as though it was made."

Without noticing other objections, it suffices that this instruction is erroneous, because it is a mere general declaration of law without application to the particular case. The second instruction is as follows:

"If the jury believe from the evidence that Turner paid five dollars for the keeping of said horse, and that said five

30—VOL. XXXIV.

dollars was to be taken in part payment for the horse sold, then the jury should find for plaintiff."

This instruction takes from the jury the consideration of the question which appears to have been the principal issue in the case, that is, whether there was any contract for the sale of the horse; and it authorizes a recovery upon the sole condition that the plaintiff had paid five dollars as part payment for the horse. It was plainly wrong.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.