REITZ *v.* THE STATE, on the Relation of HOLDEN.

CHANGE OF VENUE.—*Rule of Court.*—By a rule of a circuit court, all affidavits for a change of venue were required to be filed one day before the cause was set on the docket for trial or within one day after the issues were closed. After the time so limited, an application was made by the defendant in a prosecution for bastardy in said court, for a change of venue on the ground of prejudice in the county against the defendant, and also prejudice of the presiding judge. The application to remove the case to anoth-

er county was refused, but another judge was called to preside at the trial, the defendant objecting.

*Held*, that there was no error.

EVIDENCE.—*Bastardy.*—*Error Cured.*—On the trial of a prosecution for bastardy, the child, with the paternity of which the defendant was charged, being present in court, the defendant on cross examination said, "The child is not mine; I have one at home that looks more like me than this child." The counsel for the relator then, over the defendant's objection, was permitted to hold the child up before the jury for inspection by them, as evidence to prove that the child favored the defendant, the court remarking, that as the child had been in the presence of the jury during the trial, they could not be prevented from looking at it; and immediately thereupon, before the argument of counsel, and also in an instruction to the jury after the argument, the court told the jury that in considering and determining the case, they must look to and consider only the oral testimony, and not the resemblance or non-resemblance of the child to the defendant.

*Held*, that the error in the admission of the improper evidence was cured.

APPEAL from the Marion Civil Circuit Court.

RAY, J.—Prosecution for bastardy. By a rule of the Marion Civil Circuit Court, all affidavits for a change of venue are required to be filed one day before the cause is set on the docket for trial or within one day after the issues are closed. After the time limited by this rule, an application for a change of venue was made, on the ground of prejudice existing in the county against the appellant, and also an alleged prejudice on the part of the presiding judge. The motion to remove the case to another county was refused, but another judge was called to preside on the trial. The appellant objects to the refusal to grant the change from the county, and also to the granting of his motion for a change from the judge. The latter motion is not entitled to consideration, so long as the legislature permits such affidavits to be addressed to the courts. The rule under which the change from the county was refused has been held valid by this court, in *Galloway* v. *The State*, 29 Ind. 442.

The bill of exception states that the child, with the paternity of which the appellant was charged, being present in court, the appellant on cross examination stated, "The child is not mine. I have one at home that looks more like me than this child." The record proceeds: "The coun-

sel for the relator then produced the child, and holding it up before the jury, offered the same for the inspection of the jury, as evidence to prove that the child favored the defendant, to which the defendant objected; the court overruled the objection, to which the defendant excepted; the court remarking, that as the child had been in the presence of the jury all the time during the trial, they could not be prevented from looking at it; and immediately thereupon and before the argument of counsel, the court informed the jury that in considering and determining the case they must look only to and consider the oral testimony, and not the resemblance or non-resemblance of the child to the defendant." This was more distinctly repeated in an instruction to the jury at the close of the argument of counsel.

This withdrawal of the improper evidence from the jury must be held to have cured the error in its admission. Especially is this true where the language of the appellant has invited the very comparison between the reputed father and child of which he complains.

Judgment affirmed, with costs.

*I. Klingensmith* and *C. Coulon*, for appellant.

*J. S. Harvey, N. Van Horn, F. M. Finch,* and *J. A. Finch,* for appellee.

