## THE STATE v. SMITH.

1. **Evidence:** BASTARDY: EXHIBITION OF CHILD TO JURY. In a proceeding in bastardy, the exhibition to the jury of the child, two years and one month of age, and the pointing out by counsel for the State of certain points of resemblance between such child and the defendant, were held not to be erroneous, the jury being instructed that if they did not clearly see the resemblance they should disregard all claims of resemblance made by the State.

2. ——: ——: ——: AGE OF CHILD. The objection to the exhibition to a jury of a child of such an age is not as strong as in case of an infant, the peculiar immaturity of whose features render any resemblance too unreliable to be considered as evidence.

*Appeal from Clayton District Court.*

THURSDAY, JUNE 17.

ACTION upon a complaint made by one Reka Helm against the defendant, charging that she has been delivered of a bastard child, which is living, and that the defendant is the father of it. Upon the trial the State offered to exhibit the child to the jury for the purpose of showing a resemblance between the child and the defendant. To such offer the defendant objected, but the objection was overruled, and the child exhibited. At the same time the counsel for the State

proceeded to call the attention of the jury to what he claimed were points of resemblance between the child and the defendant. To this the defendant objected, but the objection was overruled, and the counsel for the State made a statement in these words: " I only wish to call the attention of the jury to what any one can see plainly with half an eye, that the eyes of this exhibit (the child) are hooked, and that also the eyes of the defendant are hooked, and that the eyes of Reka Helm are not."

This statement was objected to by defendant, but the objection was overruled. There was a verdict against the defendant, and judgment was rendered thereon. He appeals.

*Murdock & Larkin*, for the appellant.

*Cyrus Wellington*, for the State.

ADAMS, CH. J.—I. The child in this case was two years and one month old. The defendant claims that any resemblance, if it should be shown to exist, between such a child and a man alleged to be its father is too unreliable to constitute legal evidence of the alleged paternity.

1. EVIDENCE: bastardy: exhibition of child to jury.

It is a well known fact that resemblances often exist between persons who are not related, and are wanting between persons who are. Still, what is called family resemblance is sometimes so marked as scarcely to admit of a mistake. We are of the opinion, therefore, that a child of the proper age may be exhibited to a jury as evidence of alleged paternity.

Precisely what should be deemed the proper age we need not determine. It was held in *State v. Danforth*, 48 Iowa, 43, that it was error to allow a child three months old to be exhibited. That case is relied upon by the defendant in this. But a child which is only three months old has that peculiar immaturity of features which characterizes an infant during the time that it is called a babe. A child two years old or more has, to a large extent, put off that peculiar immaturity.

In allowing a child of that age to be exhibited, we think the court did not err, especially under the instruction given, to which we shall hereafter refer.

II.   It is claimed by the defendant that the statement of counsel for the State, wherein he called attention to an alleged point of resemblance, was improper, and should not have been allowed.

While we think that the court might properly have excluded such statement, we are unable to conclude that the defendant was prejudiced by it.   A resemblance so recondite as to call for demonstration, must, we think, have impressed the jury as not very reliable.   Besides the court instructed the jury that if they did not clearly see such resemblance they should disregard all claims of resemblance on the part of the State.

In our opinion the judgment must be

AFFIRMED.