## CARRIE E. CLARK *vs.* BYRON B. BRADSTREET.

### Kennebec.　　Opinion July 2, 1888.

*Bastardy process.　Infant as evidence.*

In bastardy proceedings, an infant six weeks old was introduced in evidence, and viewed by the jury to enable them to judge, from a comparison of its appearance, complexion and features with those of the defendant, whether any inference could be legitimately drawn therefrom as to its paternity. This was held to be error.

Such evidence is too vague, uncertain and fanciful, and if allowed would establish an unwise, dangerous and uncertain rule of evidence.

ON exceptions from superior court.

The case and material point are stated in the opinion.

*J. H. Potter,* for plaintiff.

It is a well known physiological fact that peculiarities of form and feature and personal traits are often transmitted from parent to child, and although taken by itself, proof of such resemblance might be insufficient to establish its paternity, but it is clearly a circumstance to be considered in connection with the other facts. *Finnegan* v. *Dugan,* 14 Allen, 197 ; *Gilmanton* v. *Ham,* 38 N. H. 108 ; *State* v. *Woodruff,* 67 N. C. 89 ; Wharton on Ev. Vol. 1, 347 ; *Warleck* v. *White,* 76 N. C. 175 ; *State* v. *Smith,* 54 Iowa, 104 ; *State* v. *Britt,* 78 N. C. 439.

In *State* v. *Woodruff,* 67 N. C. 89, where the child was exhibited to the jury and comments made by the attorney for the complainant, the court said, "It has been the universal practice in this state for more than forty years, and is founded in common sense and sound reason."

In an action for crim. con. the child claimed to be the offspring of the defendant was exhibited to the jury. And in this case the court instructed the jury as follows : " If you believe that the child of plaintiff's wife shown to you during the trial resembles the defendant, and experience teaches you that there is anything reliable in this appearance that would be safe for you to found an opinion on, you may consider it in corroboration of her evidence." This instruction the appellate court

sustained. *Stumm* v. *Hummell*, 39 Iowa, 478 ; *State* v. *Bowles*, 7 Jones, N. C. 579.

In a proceeding in bastardy, the exhibition to the jury of the child and the pointing out by the counsel for the state of certain points of resemblance between such child and the defendant was held to be proper. *State* v. *Smith*, 54 Iowa, 104.

Professor Greenleaf, in his work on Evidence, Vol. 2, in a note on page 142, refers to *State* v. *Bowles*, above cited, and seemingly approves the decision therein.

Wharton, in his work on Evidence, approves the practice, Vol. 1, p. 347, and cites authorities in support thereof.

The two leading cases opposed to our position are *State* v. *Danforth*, 48 Iowa, 331, and *State* v. *Risk*, 19 Ind. 152.

There are many cases reported where it is held that testimony of witnesses to prove the likeness between the defendant and the child is inadmissible, as in the following : *Keniston* v. *Rowe*, 16 Maine, 38 ; *U. S.* v. *Collins*, Cranch, Rep. Vol. 1, 592 ; *Eddy* v. *Gray*, 4 Allen, 435. But these cases are foreign to the issue.

*H. M. Heath*, for the defendant, cited : *Keniston* v. *Rowe*, 16 Maine, 38 ; *Hanawalt* v. *State*, 64 Wis. 84 ; S. C. 54 Am. R. 588 ; *State* v. *Danforth*, 48 Iowa, 43 ; 30 Am. R. 387 ; *Risk* v. *State*, 19 Ind. 152 ; *Reitz* v. *State*, 33 Ind. 187 ; *People* v. *Carney*, 29 Hun. (N. Y.) 47 ; *Petrie* v. *Howe*, 4 Thomp. & Cook, (N. Y. Supreme Ct.) 85 ; *Robnett* v. *People*, 16 Ill. App. 299 ; *U. S.* v. *Collins*, 1 Cranch. C. C. 592 ; *Jones* v. *Jones*, 45 Md. 144 ; 1 Beck, Med. Jur. 615 ; Wills, Circ. Ev. (5 Am. ed.) 118, * 94, 117 ; *Gilmanton·* v. *Ham*, 38 N. H. 108 ; *State* v. *Bowles*, 7 Jones, (Law N. C.) 579 ; *State* v. *Britt*, 78 N. C. 439 ; *Warleck* v. *White*, 76 N. C. 175 ; *State* v. *Woodruff*, 67 N. C. 89 ; *Hutchinson* v. *State*, (Neb.) 27 N. W. Rep. 113 ; *State* v. *Smith*, 54 Iowa, 104 ; S. C. 37 Am. R. 192 ; *Paulk* v. *State*, 52 Ala. 427 ; *Eddy* v. *Gray*, 4 Allen, 436 ; *Finnegan* v. *Dugan*, 14 Allen, 197 ; *Young* v. *Makepeace*, 103 Mass. 50.

FOSTER, J. This was a bastardy process in which a verdict was rendered for the complainant.

At the trial the child, then but six weeks old, was offered, admitted in evidence, and exhibited to the jury by the complainant against the defendant's objection, and exceptions were taken.

Notwithstanding the paternity of the child was sought to be established and the putative father was defendant in the suit, we think the exceptions must be sustained.

The only object for which it is claimed that the child was introduced in evidence and viewed by the jury, was to enable them to judge from a comparison of its appearance, complexion and features with those of the defendant, whether any inference could legitimately be drawn therefrom as to its paternity.

In a case like this, where the child was a mere infant, such evidence is too vague, uncertain and fanciful, and if allowed would establish not only an unwise, but dangerous and uncertain rule of evidence.

While it may be a well known physiological fact that peculiarities of form, feature and personal traits are oftentimes transmitted from parent to child, yet it is equally true as a matter of common knowledge that during the first few weeks, or even months, of a child's existence, it has that peculiar immaturity of features which characterize it as an infant, and that it changes often and very much in looks and appearance during that period. Resemblance can then be readily imagined. This is oftentimes the case. Frequently such resemblances are purely notional or imaginary. What may be considered a resemblance by one may not be perceived by another having equal knowledge of the parties between whom the resemblance is supposed to exist. If there should be a likeness of features there might be a difference in the color of the hair or eyes. As was said by the court in *People* v. *Carney*, 29 Hun. (N. Y.) 47, "common observation reminds us that in families of children different colors of hair and eyes are common, and that it would be dangerous doctrine to permit a child's paternity to be questioned or proved by the comparison of the color of its hair or eyes with that of the alleged parent." Mr. Justice HEATH, in the case of *Day* v. *Day*, at the Huntington assizes in 1797, upon the trial of ejectment where

the question was one of *partus suppositio*, admitted that resemblance is frequently exceedingly fanciful, and therefore cautioned the jury in reference to such evidence. And in a trial in bastardy proceedings the mere fact that a resemblance is claimed would be too likely to lead captive the imagination of the jury, and they would fancy they could see points of resemblance between the child and the putative father.

As in the case at bar, where the infant was but a few weeks old, such evidence, if allowed in determining the paternity of the child, would be exceedingly fanciful, visionary and dangerous.

The testimony of witnesses, where they have no special skill or knowledge in such matters, has never been admitted in this state or Massachusetts to prove a resemblance in the features between the child and the alleged father. *Keniston* v. *Rowe*, 16 Maine, 38 ; *Eddy* v. *Gray*, 4 Allen, 438. Nor points of dissimilarity, not implying a difference of race. *Young* v. *Makepeace*, 103 Mass. 54.

We are aware that in New Hampshire, Massachusetts and North Carolina, and perhaps some of the other states, on an issue of bastardy, the courts have allowed the jury to judge of likeness by inspection. *Gilmanton* v. *Ham*, 38 N. H. 108 ; *Finnegan* v. *Dugan*, 14 Allen, 197 ; *State* v. *Arnold*, 13 Ired. (N. C.) 184 ; *State* v. *Woodruff*, 67 N. C. 89. And in deciding with regard to the color of the child, whether of negro blood or not, it has been held proper to exhibit it to the jury. *Warlick* v. *White*, 76 N. C. 175 ; *Garvin* v. *State*, 52 Miss. 207. No one will doubt the propriety or reason upon which these decisions are based when the question is one of race or color, for it is well understood that there are marked distinctions, physical and external, between the different races of mankind, which may enable men of ordinary intelligence and observation to judge whether they are of one race or another.

In *State* v. *Smith*, 54 Iowa, 104, the child was two years and one month old ; and the court there held that a child of proper age might be exhibited to the jury, and that it was not error to exhibit a child of that age, with instructions to the jury to disregard the evidence unless they could see the resemblance claimed.

In the decisions from New Hampshire and Massachusetts nothing appears to show the age of the child of which the court speak. Our attention has been called to no other decisions in New England, nor have we been able to find any, where this question has come before the courts. But from a careful examination of the cases in those states where the question has arisen, we are satisfied that the weight of authority is against the admission in evidence of a mere infant, where race or color is not involved.

Thus in *Hanawalt* v. *State*, 64 Wis. 84 (54 Am. Rep. 588), a child less than one year old was exhibited to the jury for their inspection. This was held error, and the court say: "When applied to the immature child, its worthlessness as evidence to establish the fact of parentage is greatly enhanced and is of too vague, uncertain and fanciful a nature to be submitted to the consideration of a jury."

In *State* v. *Danforth*, 48 Iowa, 331, where the child was but three months old, the court say that the resemblance of infants to the father is too uncertain and indistinct to be allowed as evidence, and that it would be an unwise and dangerous rule to permit the admission of a child of that age.

In *Risk* v. *State*, 19 Ind. 152, the court doubted the right to introduce an infant in evidence, saying that it had seen no authority on the point, that it would be an uncertain rule, and would involve the necessity of giving the alleged father in evidence. The same question was before that court in *Reitz* v. *State*, 33 Ind. 187, where the child was held up before the jury for inspection, but the court decided it was improper, and told the jury to disregard it. See also *People* v. *Carney*, 29 Hun. (N. Y.) 47.

*Exceptions sustained.*

Peters, C. J., Walton, Danforth, Virgin and Emery, JJ., concurred.