MARY WALTERS, Respondent, v. OLIVER COX, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Seduction:** PROMISE OF MARRIAGE: EVIDENCE. In an action for damages founded on breach of promise of marriage, it is not necessary to show in express terms that the seduction was on account of promise of marriage, but such fact may be inferred from the circumstances in the case.

2. ————: ————: INSTRUCTION. In this case while an instruction that seduction had been induced by the promise of marriage would have been appropriate, yet, since it was fully embodied in other instructions, its refusal is not reversible error.

3. ————: ————: DAMAGES: INSTRUCTION. An instruction authorizing a recovery for injured feeling is condemned, since it assumes the existence of injured feelings without leaving it to the jury to find.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*W. M. Bowker* for appellant.

(1) In order to constitute seduction under promise of marriage the testimony must show that the plaintiff yielded up her chastity by virtue of such promise;

that it was by reason of and reliance upon such promise that she consented to sexual intercourse. *Comer v. Taylor*, 82 Mo. 346; *State v. Patterson*, 88 Mo. 94; *Bailey v. O'Bannon*, 28 Mo. App. 39; *State v. Reeves*, 97 Mo. 668; *State v. Eckler*, 106 Mo. 585. There may be sexual intercourse without seduction. *Comer v. Taylor, supra; Smith v. Milburn*, 17 Iowa, 31; *Bailey v. O'Bannon, supra; Egan v. Murray*, 80 Iowa, 180. It is error to give instructions upon which there is no evidence to predicate them. *Culberson v. Railroad*, 50 Mo. App. 556, and cases cited. (2) It is error in an instruction to assume the existence of facts in issue by the pleading or evidence. *Comer v. Taylor, supra*. A litigant is entitled to plain, direct, and positive instructions covering every phase of his case. *Cahn v. Reid*, 18 Mo. App. 115. (3) Nominal damages should only be given for breach of contract where no actual damages are proven. *Breen v. Fairbanks*, 35 Mo. App. 212.

*Burton & Wight* and *B. G. Thurman* for respondent.

In order to entitle respondent to recover in this action, it is only necessary for her to prove that there was a mutual agreement between her and defendant to marry and that after such agreement and before the contract of marriage was broken off, and while such contract of marriage was in force, she yielded to his solicitations for sexual intercourse. The presumption arises from such a state of facts, that her consent was procured by virtue of the agreement of marriage. *State v. Bierce*, 27 Conn. 319; *Dinkey v. Commonwealth*, 17 Pa. St. 126.

ELLISON, J.—This is an action for damages, founded on a breach of promise of marriage. Evidence of seduction was given. The answer denied the promise

and the seduction charged. The verdict was for plaintiff in the sum of $1,500.

The defendant now contends that the question of seduction of plaintiff should not have been submitted to the jury, for the reason that, as he contends, there was no evidence to show that the plaintiff yielded to the solicitation for sexual intercourse, by reason of the promise of marriage. The testimony does not state in express terms that the promise of marriage was the cause of her yielding, but we are satisfied from a consideration of the whole testimony that such is the reasonable inference to be drawn from the testimony. She was shown to have been a chaste and virtuous woman prior to her illicit relations with defendant, and that after promising to marry her, he seduced her. Before the promise of marriage, there had been no indelicate familiarities between them, and not until after the promise had she permitted anything more than the ordinary and proper attention which an unmarried woman should receive from a visiting gentleman. We think it is not necessary to show in *express* terms that the plaintiff yielded on account of the promise of marriage. The fact may, in many cases, quite as clearly appear without the use of express words to that effect.

Defendant has cited us to many authorities in support of his position, but in the view we take of the effect of the evidence, they are not applicable. The fact that we do not agree with counsel as to the effect of the evidence makes it unnecessary to enter into a consideration of the authorities referred to.

The court refused an instruction for defendant, wherein it was declared necessary to plaintiff's case, before she could recover anything on account of the seduction, that the sexual connection should have been induced by the promise of marriage. While we think it would have been appropriate enough to have given

that instruction, yet we do not deem it to be reversible error, since it was fully embodied in instructions already given for plaintiff, and the jury must have believed the suduction was accomplished by reason of the promise, under the instruction referred to.

What we have said covers the points as made in the written argument, including the position that no more than nominal damages should have been allowed. But a full examination of the record, together with the suggestions of counsel, has failed to show anything which would justify our interference with the judgment and it is accordingly affirmed. All concur.

### ON REHEARING.

ELLISON, J.—A rehearing was granted in this case mainly for the reason alleged in the motion that we had overlooked the point which we now proceed to pass on. The second instruction to the jury given for the plaintiff was that: "If you find for the plaintiff you will assess her damages at such sum as, in your judgment, under all the circumstances of the case, may be proper indemnity to her for the injury she has suffered in her feelings, affections, and wounded pride, as well as the loss of marriage, not to exceed $3,000. * * *" The objection urged to this instruction is that it assumes that plaintiff has suffered from injured feelings, affections, and from wounded pride. Under the decision in *Comer v. Taylor*, 82 Mo. 347, we must rule the objection well taken. We will, therefore, for the error in giving such instruction, reverse the judgment and remand the cause. All concur.