GEORGE F. TOWER, Appellant, v. GUSTAVE A. PAULEY, Respondent.

St. Louis Court of Appeals, October 18, 1898.

1. **Practice, Appellate**: VERDICT OF JURY. Where there is any evidence to support the verdict of a jury the appellate court can not set it aside.

2. **Instruction.** Where it was implied that the reasonable and careful use of the furnace in question was a condition precedent to its compliance with the warranty, it was proper to incorporate this implied condition in an instruction to the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

EDWARD S. ROBERT, C. S. REDER and D. W. ROBERT for appellant.

Instructions should not be broader than the issues raised by the pleadings and evidence. Waddingham v. Hulett, 92 Mo. 528; Waldhier v. R. R. Co., 71 Mo. 514; George v. R. R. Co., 40 Mo. App. 433. Issues not presented by the pleadings should not be submitted by instructions; neither should instructions be mere abstractions not based on the facts; nor submit matters not supported by the evidence. Graham v. R. R. Co., 113 Mo. 408; Wilmott v. Corrigan C. R. Co., 106 Mo. 535; Reed v. Bott, 100 Mo. 62; Porter v. R. R. Co., 71 Mo. 66; Lester v. R. R. Co., 60 Mo. 265; Turner v. R. R. Co., 51 Mo. 501; Ewing v. Goss, 41 Mo. 492. It is erroneous to qualify a correct instruction where there is no evidence upon which to base the qualification. Goltz v. Griswold, 113 Mo. 144. Where there

is an entire want of evidence to sustain a verdict the judgment will be reversed. Fury v. Merriman, 45 Mo. 500; Routsong v. R. R. Co., 45 Mo. 236; Nelson v. Boland, 37 Mo. 432; Baker v. Stonebraker, 35 Mo. 338; Morris v. Barnes, 35 Mo. 412; Heyneman v. Garneau, 33 Mo. 565; Howard v. Coshow, 33 Mo. 118; Hartt v. Leavenworth, 11 Mo. 629.

LUBKE & MUENCH for respondent.

Appellant's contention that there was error in amending the instruction asked by him so as to require the jury to find that the furnace was "properly used and handled;" and his contention that the instruction given for defendant was also erroneous because that called for a "proper handling" of the furnace are both unfounded. These propositions of fact were in the issue made by the pleadings and the plaintiff had full warning thereof. When the case was here last this court held that an express averment in the petition of the reasonable and careful use of the furnace was not necessary, in view of the language of the contract; however that this was implied, and that the language of the petition "that said furnace was insufficient and incapable" supplied the averment by implication. Tower v. Pauly, 67 Mo. App. at pp. 637–638. They were also in issue by the evidence because there was direct conflict thereon, not only in the circumstances and reasonable inferences of the case, but also in the testimony of defendant and of plaintiff's coachman, who had charge of the furnace. The words "properly used and handled" were of common use and fitted the evidence and subject-matter. It was not necessary therefore to define them further. Lumber Co. v. Snyder, 65 Mo. App. 568. And it would have been clear error to omit them or their equivalent from the

instructions. Buswell v. Emerson, 64 Mo. App. 669; Mathews v. R'y Co., 63 Mo. App. 569; Chipley v. Leathe, 60 Mo. App. 15; Maack v. Schneider, 57 Mo. App. 431. The verdict for defendant was supported by substantial evidence. Therefore this court will defer to the action of the trial judge in denying a new trial. Parsons v. Mayfield, 73 Mo. App. 309.

BLAND, J.—This is the third appeal of this case, the first is reported at page 75, volume 51, and the second at page 632, volume 67, Mo. App. On the third trial plaintiff filed his fourth amended petition, the substantial averments of which are, that he purchased of defendant a furnace for the purpose of heating his residence on South Grand avenue, city of St. Louis for $425; that the defendant guaranteed the furnace to warm the house to seventy degrees when the thermometer was at zero, and further promised that if anything about the furnace was not understood, and if any alterations should be necessary to accomplish the heating to seventy degrees in zero weather, he would make such alterations free of charge; that the furnace was put in the basement of the house, but was insufficient and incapable of heating the same to seventy degrees in zero weather. The answer was a general denial. The guarantee and promise to make necessary changes were in writing, signed by the defendant. Plaintiff proved by his own testimony and by that of three other witnesses that the furnace did not heat the house in moderate winter weather to seventy degrees, and that it was necessary to burn coal fires throughout the house in order to make it habitable in cold weather.

Sidney Bailey testified that he had previous experience in handling heating furnaces; that he had

charge of this one, but that he was not able to get the house to a temperature of seventy degress when the thermometer was at a temperature of fifteen to twenty degrees. He also testified that the defendant gave him no instructions or directions about handling the furnace, except at one time when he called to see the furnace he told him to keep the furnace clean and not to build the fire too high as he might burn out the dome, and that he followed these instructions. De-

EVIDENCE.

fendant testified that he was called to plaintiff's house the second winter after he put in the furnace, to examine it; that he went into the basement with plaintiff; that he shook down the grate, livened up the fire, and regulated the dampers, a good many of which leading into different rooms he found shut off, so that no heat could go into them, and that he gave Bailey, the furnace man, instructions about the dampers and to keep the furnace clean and clear of clinkers and cinders, and not to pile up the coal too high in the furnace; that he then went above into the reception hall and found the temperature to be seventy-one degrees; that the morning was a cold, sharp one, about fifteen degrees above zero. He further testified that he was not called on afterwards to look after the furnace or to make any alterations or changes in it, but that in the middle of the summer following when he went there on a visit to inspect the furnace the plaintiff asked him to take the furnace out and pay him back the purchase price.

The plaintiff asked the following instruction, which the court gave, after amending it by inserting the words in italics of its own motion:

"The court instructs the jury that if you believe from the evidence that the defendant, Gustave A. Pauley, agreed to put in plaintiff's house, No. 1420 South Grand avenue, the furnace in question, and that

INSTRUCTION. said defendant guaranteed that said furnace would heat said house to a temperature of 70 degrees when the thermometer stood at zero out of doors, and that the defendant did put a furnace in said house which failed, *when properly used and handled,* to so heat the same, then you must find for the plaintiff.''

To the giving of this instruction as amended plaintiff saved his exception, and also an exception to the following instruction given for defendant:

"If from the evidence the jury believe that the furnace in question, with proper handling, would heat plaintiff's house to a temperature of 70 degrees when the thermometer was zero, then the jury will find for the defendant."

The jury found the issues for the defendant and judgment was accordingly rendered for the defendant. From this judgment plaintiff duly appealed, and contends here that the court committed error by inserting the words "when properly used and handled" in the instruction given for plaintiff, and also in giving the instruction containing these words, for the defendant.

Plaintiff offered evidence tending to prove that the furnace was properly used and handled, but notwithstanding this it failed to do the work it was guaranteed to do.  The defendant's testimony tended to prove that the furnace when properly handled did do the work he guaranteed it should do.  The furnace required to be used, that is, to have fire and fuel to generate heat and to be handled, that is to be kept clean and to have its dampers properly adjusted to distribute the heat where wanted.

To do this most efficiently, it was necessary to properly use and handle it.  In no other way could its capacity be truly tested, or could it be determined whether it was capable of doing the work it was guar-

anteed to do. The plaintiff averred that the furnace was insufficient and incapable, and undertook to prove this averment by offering testimony that the furnace was handled by a competent man and according to defendant's instructions, and that it failed to do the work for which it was intended.

As was said by Judge ROMBAUER when the case was here before (67 Mo. App. loc. cit. 638), it was implied that the reasonable and careful use of the furnace was a condition precedent to its compliance with the warranty. It was therefore proper to incorporate this implied condition in instructions to the jury.

But it is contended by appellant that the evidence that it was so handled and used, was all one way, and that this fact was not disputed. In this contention appellant is in error, for the testimony of the respondent tended to prove that the furnace would fill the requirements of the warranty when properly used.

But conceding that the evidence was all one way, it does not follow that this issue should not have been submitted to the jury, the jury might not believe the witness, although he was not contradicted by any other witness; they were not bound to believe him because he was uncontradicted by any other witness. Turner v. Loler, 34 Mo. 461; Bryan v. Wear, 4 Mo. 106; Evans v. Wilder, 5 Mo. 313; Robertson v. Drane, 100 Mo. 273; Wilkerson v. Eiler, 114 Mo. 245; Walters v. Cox, 67 Mo. App. 299; Wolff v. Campbell, 110 Mo. 114.

From the evidence contained in the abstracts, it seems to us that the verdict ought to have been for the appellant, and for substantial damages, but we can not usurp the province of the jury, nor set aside the verdict where there is any evidence to support it. There is some such evidence in this case. Singleton v. R. R., 41 Mo. 465; Deere v. Plant, 42 Mo. 60; Baum v.

Fryrear, 85 Mo. 151; Taylor v. Short, 38 Mo. App. 21; Shoe Co. v. Hilig, 70 Mo. App. 301.

Discovering no reversible error in the record, the judgment is affirmed. All concur.