(113 So. 581)

**SHADIX v. BROWN.　(8 Div. 938.)**

Supreme Court of Alabama.　June 30, 1927.

**1. Seduction ⬤=9—Woman chaste at time of seduction is not precluded from recovering damages because formerly she had been unchaste.**

In action to recover damages for seduction, it is sufficient if plaintiff, though formerly unchaste, is chaste at time of her seduction.

**2. Seduction ⬤=16—Complaint to recover damages for seduction, alleging plaintiff was then chaste unmarried woman, held not demurrable.**

Complaint seeking recovery of damages for seduction, alleging in first count that plaintiff was chaste at time, and in second count that plaintiff was a chaste, unmarried woman at time of seduction, sufficiently alleged plaintiff was unmarried and was not subject to demurrer.

**3. Seduction ⬤=50(3)—Instruction, that plaintiff is presumed chaste prior to her seduction, and unless proved to contrary plaintiff discharges burden of proving chastity, held proper.**

In action to recover damages for seduction, instruction, that, though burden is on plaintiff on question of chastity, presumption of law is that plaintiff was chaste prior to alleged seduction, and unless overcome by proof plaintiff has discharged burden, was proper.

**4. Seduction ⬤=45—Jury held justified in finding plaintiff surrendered person to defendant as result of false declaration of love and promise of marriage, authorizing recovery of damages for seduction.**

In action to recover damages for seduction, defendant's promise to marry plaintiff at definite time in very near future, if made, was continuing influence, operating on her mind and emotions so long as unretracted, authorizing jury to find that plaintiff surrendered her person to defendant as direct result of false declaration of love and promise of marriage, and authorized recovery if plaintiff had been chaste and of good character up to that time.

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Seduction ⊙⟶46—Evidence of pregnancy and childbirth attributable to seduction is admissible to corroborate prosecutrix ·in criminal action.**

In criminal prosecutions for seduction, evidence of pregnancy and childbirth, if attributable to act of seduction, is admissible in corroboration of prosecutrix.

**6. Seduction ⊙⟶40—Evidence of pregnancy and childbirth attributable to seduction is admissible in civil action on measure of damages and to corroborate plaintiff.**

In civil action for damages for seduction, evidence of pregnancy and childbirth, if attributable to act of seduction, is admissible to corroborate prosecutrix and to show amount of plaintiff's damages, of which pregnancy and childbirth are proper elements for consideration.

**7. Criminal law ⊙⟶404(1)—Evidence ⊙⟶188— Exhibition of child, born as result of seduction, is proper in both civil and criminal cases as corroborative evidence of intercourse and results.**

In both civil and criminal actions for seduction resulting in pregnancy and birth of child, exhibition of child to jury is proper as corroborative evidence of fact of intercourse and its results.

**8. Appeal and error ⊙⟶1002—Findings of jury, in action for damages for seduction, based on conflicting evidence, should not be disturbed by appellate court.**

In action for damages for seduction, findings of jury, based on conflicting testimony, should not be disturbed by appellate court.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Lula Brown against Earl Shadix. From a judgment for plaintiff defendant appeals. Transferred from Court of Appeals, under Code 1923. § 7326. Affirmed.

The complaint is as follows:

"(1) The plaintiff claims of the defendant the .sum of $10,000 damages, for that heretofore, on, to wit, the spring or summer of 1923, the defendant did, by means of temptation, deception, arts, flattery, or a promise of marriage, seduce the plaintiff, and thereby caused her to surrender her chastity, she being chaste at the time, and her virtue to him, the defendant, and as a proximate consequence thereof she has been caused to suffer, still suffers, and must continue to suffer great shame, humiliation, and disgrace, plaintiff being at the time a single woman.

"(2) The plaintiff claims of the defendant the other and further sum of $10,000 as damages, for that heretofore, on, to wit, the spring or summer of 1923, the defendant did, by means of temptation, deception, arts, flattery, or a promise of marriage, seduce the plaintiff, she being then and there a chaste unmarried woman, and thereby caused her to surrender her virtue and her chastity to him, the defendant. And the plaintiff avers that as a proximate consequence thereof, she has been made to suffer, and still suffers great shame, humility, and disgrace, to the full sum of $10,000, the full sum claimed in this count of her complaint."

E. O. McCord & Son, of Gadsden, for appellant.

All evidence of the birth of a child, and the child itself, was improperly admitted. McMahan v. State, 21 Ala. App. 522, 109 So. 553; Martin v. State, 19 Ala. App. 251, 96 So. 734; Davis v. State, 18 Ala. App. 482, 93 So. 269; Maske v. State, 19 Ala. App. 75, 95 So. 204. Simply having intercourse is not sufficient to show seduction. The affirmative charge for defendant should have been given. Hayes v. State, 19 Ala. App. 241, 96 So. 647; Smith v. State, 13 Ala. App. 399, 69 So. 402; Clemons v. State, 17 Ala. App. 533, 86 So. 177. Counsel discuss other questions, but without citing additional authorities.

Street & Bradford,· of Guntersville, for appellee.

The introduction of the child was proof of both counts of the complaint, alleging suffering humiliation, disgrace, etc. Profert of the child was corroborative of seduction and pregnancy. McMahan v. State, 21 Ala. App. 522, 109 So. 553. It was not necessary that plaintiff allege chastity. It is defensive matfor defendant to show unchastity. Code 1923, § 5490. The authorities cited by appellant are inapt.

SOMERVILLE, J. The first count of the complaint charges the seduction of plaintiff, "she being chaste at the time"; and the second count alleges that at the time of the seduction plaintiff was "then and there a chaste unmarried woman."

[1, 2] We are not called upon to determine whether a previously unchaste woman can maintain this action (see Smith v. Milburn, 17 Iowa, 30; Gemmill v. Brown, 25 Ind. App. 6, 56 N. E. 691; Love v. Masoner, 6 Baxt. [Tenn.] 24, 32 Am. Rep. 522; note to Bradshaw v. Jones [Tenn.] 76 Am. St. Rep. 668, 669); but, conceding that previous chastity is required, it is enough if the woman, though formerly unchaste, is chaste at the time of her seduction (Suther v. State, 118 Ala. 88, 24 So. 43; Weaver v. State, 142 Ala. 33, 39 So. 341). Hence both counts of the complaint are sufficient and not subject to demurrer in this respect, and both sufficiently allege that plaintiff was an unmarried woman.

[3] The trial judge properly instructed the jury that:

"While the burden is on the plaintiff on the question of chastity, the presumption of law is that plaintiff was chaste prior to the alleged seduction, and, unless overcome by proof which the jury believe, plaintiff has discharged that burden." Suther v. State, 118 Ala. 88, 24 So.

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

43; Smith v. State, 13 Ala. App. 399, 69 So. 402; Id., 193 Ala. 680, 69 So. 1020; Robinson v. Powers, 129 Ind. 480, 28 N. E. 1112; 35 Cyc. 1311; Id., 1314 [v].

[4] Appellant's chief contention is that the evidence was not sufficient to show a seduction of plaintiff by defendant. This contention is based upon the theory that evidence of a courtship and of lovemaking, accompanied or followed by a definite promise of marriage to be consummated within a few weeks, followed by an act of intercourse, without any evidence of the conversation or conduct of the parties on that occasion, does not tend to show that plaintiff yielded herself to defendant because of any arts, deception, flattery, persuasion, or promise. This contention assumes that none of those wrongful influences can be deemed to have been in effective operation on the occasion of the sexual act unless it be shown that it was then and there, by present speech or action, used upon the plaintiff to induce her surrender. This theory of inducement is manifestly erroneous. The defendant's promise to marry the plaintiff at a definite time in the very near future, if made as she averred, was a continuing influence, which, it may be reasonably inferred, would be operative upon her mind and emotions so long as it remained unretracted. She was only 17 years of age; and, if the jury belived that she had been chaste and of good character up to that time, they might well have found the surrender of her person to her fiancé to have been the direct result of his false declaration of love, his false promise of marriage, and the plaintiff's over-trusting belief in his honor and fidelity.

We find no case reported in the books where it has been held, or suggested, that under such conditions the plaintiff could not recover for seduction. The cases, in fact, hold quite the contrary. Shewalter v. Bergman, 123 Ind. 155, 23 N. E. 686; Badder v. Keefer, 91 Mich. 611, 52 N. W. 60; Walters v. Cox, 67 Mo. App. 299; Ireland v. Emmerson, 93 Ind. 1, 47 Am. Rep. 364; Rabeke v. Baer, 115 Mich. 328, 73 N. W. 242, 69 Am. St. Rep. 567; 35 Cyc. 1313 (b); 24 R. C. L. 736, § 6.

Appellant insists that the trial court erred in admitting evidence that the sexual act between the parties resulted in pregnancy and the birth of a child, and also in permitting the exhibition of the child as evidence before the jury.

In support of the first proposition, counsel rely upon Davis v. State, 18 Ala. App. 482, 93 So. 269, Maske v. State, 19 Ala. App. 75, 95 So. 204, Martin v. State, 19 Ala. App. 251, 96 So. 734, and McMahan v. State, 21 Ala. App. 552, 109 So. 553. Those cases are not in point, since they apply in the rule of exclusion only to pregnancy and childbirth which must have resulted from sexual intercourse occurring after the time of the act in question.

[5, 6] In criminal prosecutions for seduction, evidence of pregnancy and childbirth, if attributable to the act of seduction charged, is always admissible in corroboration of the prosecutrix. Whatley v. State, 144 Ala. 68, 39 So. 1014; Cunningham v. State, 73 Ala. 51. It is, of course, admissible for the same purpose in civil actions, and for the additional purpose of showing the amount of the plaintiff's damage—of which pregnancy, and its aftermath of childbirth, are proper elements for consideration. 35 Cyc. 1321, 1322, 5.

[7] The weight of authority sanctions the exhibition to the jury of the child thus born, in both civil and criminal cases, as corroborative evidence of the fact of intercourse and its results. Anderson v. Aupperle, 51 Or. 556, 95 P. 330; State v. Horton, 100 N. C. 443, 6 S. E. 238, 6 Am. St. Rep. 613; State v. Smith, 54 Iowa, 104, 6 N. W. 153, 37 Am. Rep. 192.

If the exhibition be made for the purpose of showing a resemblance between the child and its putative father, no question of race or color being involved, the right to make such a comparison has been denied if the infant is so young that its features and physiognomy are undeveloped, as where it is but a few months old. Clark v. Bradstreet, 80 Me. 454, 15 A. 56, 6 Am. St. Rep. 221.

In Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25, which was a bastardy case, profert of the child to show its resemblance to the defendant, and hence to show his paternity, was held to be proper. The principle of admissibility cannot be different in seduction cases, the issue of paternity, if disputed, being the same.

The trial court did not err in admitting the evidence and allowing the exhibition complained of.

It is strenuously insisted by appellant that the great weight of the evidence is against the plaintiff, and that the verdict was palpably wrong.

[8] The witnesses, however, were seen and heard by the jury and by the trial judge. Evidently the grossest perjury has been committed by the plaintiff, or by the defendant and by his witnesses who testified to their acts of intercourse with the plaintiff at and before the time of her alleged seduction by the defendant. The jury and the judge evidently believed the testimony of the plaintiff and disbelieved the testimony of the others, and it is peculiarly a case where such findings ought not to be disturbed by an appellate court. Hence we cannot say that the trial court was in error in overruling the defendant's motion for a new trial.

We have examined all the charges given

and refused, of which complaint is made, and find no error therein.

There being no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.