141 So. 705

### McKINNEY v. STATE.
### 6 Div. 35.

Court of Appeals of Alabama.
Jan. 19, 1932.

Rehearing Denied March 22, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

L. D. Gray, of Jasper, and C. B. Powell, of Birmingham, for appellant.

RICE, J.

Appellant, the agent of the Booker T. Washington Burial Society, was convicted of the offense of "seducing" one of his company's unmarried female policyholders.

The "means" employed by him for the accomplishment of his diabolical purpose was, according to the theory of the state, a "promise of marriage." Code 1923, § 5490.

The evidence, as to this promise of marriage, other than the corroboratory circumstances shown, consisted of the testimony of the prosecutrix, couched in this quaint, but expressive, language, to wit: "He (appellant) told me that if I would let him have some *he would take me* (italics ours); that's what he said; * * * just as soon as he told

me that if I would let him have it he would take me, then I let him have it, right then and there, that's the first time he had asked me for it. * * * He had intercourse with me. * * *"

It was error, and obviously prejudicial, to allow in evidence, over appellant's timely objection, etc., the statement by the witness Nancy Jones that the prosecutrix was "weak minded." This testimony was inadmissible as for that it was not preceded by testimony as "to the facts and circumstances upon which the opinion of the witness as to the sanity of the (prosecutrix) was predicated, the witness not being an expert." Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193; Fondren v. State, 204 Ala. 451, 86 So. 71.

In a prosecution for the offense of seduction, before a conviction may be had, the jury must be convinced, by the evidence, beyond a *reasonable doubt*, of the existence of *every essential element* of the offense.

Two of these *essential. elements* are, that the alleged object of the accused's lust must be (1) an "unmarried woman," and (2) "chaste" at the time of the alleged offense.

Written charge S–5, given at the request of the state, was erroneous, in that it authorized the conviction of the appellant without the necessity of the two essential elements we have named being shown by the evidence, etc., *beyond a reasonable doubt.*

There was no error in permitting profert of the child born to prosecutrix; the proper predicate being found in the testimony in the case. Shadix v. Brown, 216 Ala. 516, 113 So. 581.

Since the judgment must be reversed because of the errors we have hereinabove pointed out, it would seem unnecessary to discuss the other exceptions apparent. It might not be amiss to observe that we are not impressed that there is error in any of the rulings underlying same. However, they will not likely occur, in their present form, on another trial, so we do not expressly decide the questions raised.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.